THE STATE, EX REL. GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, APPELLANT, *v.* GUZZO, JUDGE, ET AL., APPELLEES.

[Cite as State ex rel. Greater Cleveland Regional Transit Auth., *v.* Guzzo (1983), 6 Ohio St. 3d 270.]

(No. 82-1465—Decided August 24, 1983.)

*Mr. Charles E. Mosley, Jr., Ms. Johanna M. Sfiscko* and *Ms. Laverne A. Nichols,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Patrick Carroll,* for appellee.

*Komito, Nurenberg, Plevin, Jacobson, Heller & McCarthy Co., L.P.A., Mr. Thomas Mester, Mr. Harlan M. Gordon, Mr. Daniel J. White* and *Mr. Richard C. Alkire,* for intervening appellee.

*Per Curiam.* Three requirements must be satisfied before a writ of prohibition will issue: (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy at law. *State, ex el. Rose Hill Burial Park,* v. *Moser* (1982), 1 Ohio St. 3d 13, 14. Appellant submits that the accident report, the subject of this appeal, is privileged; and that appellee's orders violate R.C. 2317.02 (A) and Civ. R. 26 and were therefore unauthorized by law.

Civ. R. 26 (B)(3) allows "* * * discovery of documents * * * prepared in anticipation of litigation * * * only upon a showing of good cause therefor." The existence of a Civ. R. 26 (B)(1) "privilege" as well as Civ. R. 26 (B)(3) "good cause" are discretionary determinations to be made by the trial court. Appellee argues that such determinations are reviewable only on appeal. *State, ex rel. Staton,* v. *Common Pleas Court* (1965), 5 Ohio St. 2d 17 [34 O.O.2d 10].

Whether appellee made a correct or incorrect determination, however, is not the issue before this court. Prohibition is a preventive, not a corrective, remedy. *State, ex rel. Stefanick,* v. *Municipal Court* (1970), 21 Ohio St. 2d 102, 104 [50 O.O.2d 265]. It may not be invoked to prohibit the trial court judge's exercise of discretion where that judge had jurisdiction over the subject matter and the person. *State, ex rel. Staton,* v. *Common Pleas Court, supra,* at 22. It is undisputed that appellee had jurisdiction to hear the case and discretion to rule on matters concerning discovery. Appellant may seek review of appellee's discovery rulings on appeal.

Appellee's orders were not unauthorized by law. Appellant also has an adequate remedy at law by way of appeal. Prohibition cannot be used as a substitute for appeal. *State, ex rel. Crebs,* v. *Court of Common Pleas* (1974), 38 Ohio St. 2d 51, 52 [67 O.O.2d 61]. The judgment of the court of appeals dismissing appellant's complaint is therefore affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.