BADGER

v.

FLANAGAN, Judge.

[Cite as *Badger v. Flanagan* (1995), 100 Ohio App.3d 173.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68222.

Decided Jan. 17, 1995.

*Robert I. Zashin* and *Jonathan A. Rich,* for relator.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Gregory B. Rowinski*, Assistant Prosecuting Attorney, for respondent.

---

JAMES M. PORTER, Judge:

Petitioner, Carolyn Badger, is seeking a writ of prohibition to enjoin respondent, Judge Timothy M. Flanagan, from conducting any further proceedings in *Badger v. Badger*, Cuyahoga C.P. No. D–221487. Respondent moved to dismiss the petition for prohibition for failure to state a claim and, for the reasons that follow, we grant respondent's motion.

Badger avers in her affidavit attached to the petition that she is the plaintiff in the underlying divorce action; that she filed a motion *in limine* to prevent Dr. Carolyn Rosenberry, a psychologist, from testifying at trial; and that she is fearful of Dr. Rosenberry disclosing privileged information since both she and her estranged husband were counseled by Dr. Rosenberry. Respondent granted in part and denied in part the motion *in limine*. Respondent ordered that "Dr. Carolyn Rosenberry shall be permitted to testify regarding her observations and opinions of the Defendant, Badger, only." Petitioner, believing she had a final appealable order, the appeal of which would divest respondent of jurisdiction, filed a notice of appeal and, at the same time, petitioned this court for a writ of prohibition. Badger sought a stay of the trial court proceedings in the appeal and sought an alternative writ in the prohibition action to halt the impending divorce trial.

This court denied the motion for a stay and dismissed the appeal, stating in part that "[t]he order appealed from is interlocutory. It is a conditional ruling on an evidentiary request on an issue that may or may not present itself to the trial court." *Badger v. Badger* (Dec. 6, 1994), Cuyahoga App. No. 68221, unreported. Petitioner requested reconsideration of the dismissal of her appeal, but this court denied her motion. *Id.*

Similarly, this court denied the application for an alternative writ, see Entry No. 58294 dated Dec. 6, 1994, and we now dismiss the prohibition action. A Civ.R. 12(B)(6) motion may be granted when it appears beyond doubt from the face of the petition that a petitioner can prove no set of facts which permit recovery. *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 537 N.E.2d 641. A writ of prohibition may be issued only after a petitioner establishes that (1) the court or officer against whom the writ is sought is about to exercise judicial or quasijudicial power, (2) the exercise of such power is unauthorized by law, and (3) the refusal of the writ would result in injury for which there exists no adequate remedy in the ordinary course of law. *State ex rel. McKee v. Cooper* (1974), 40 Ohio St.2d 65, 69 O.O.2d 396, 320 N.E.2d 286, paragraph one of the

syllabus. The existence of an adequate remedy is immaterial, however, if a court is completely without jurisdiction to proceed. *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 573 N.E.2d 606; *State ex rel. Tollis v. Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St.3d 145, 532 N.E.2d 727. Thus, unless a lower court unambiguously lacks jurisdiction to proceed, a court having general jurisdiction of the subject matter has the authority to determine its own jurisdiction and an adequate remedy at law *via* appeal exists to challenge any adverse decision. *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 638 N.E.2d 541; *State ex rel. Pearson v. Moore* (1990), 48 Ohio St.3d 37, 548 N.E.2d 945; *State ex rel. Miller v. Lake Cty. Court of Common Pleas* (1949), 151 Ohio St. 397, 39 O.O. 232, 86 N.E.2d 464, paragraph three of the syllabus; *State ex rel. Kusa v. O'Donnell* (July 12, 1990), Cuyahoga App. No. 60096, unreported.

In this case, petitioner has failed to allege facts which could entitle her to relief in prohibition. Badger supported her petition with, and relied on, case law, *i.e., Humphry v. Riverside Methodist Hosp.* (1986), 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877, which had been reversed by the Supreme Court of Ohio four months before petitioner commenced her prohibition action. *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83. In *Steckman,* the Supreme Court of Ohio held that all discovery orders were interlocutory and no longer final and appealable. *Id.,* paragraph seven of the syllabus. Badger used the decision which had been reversed to support her analogy that preliminary evidentiary rulings involving claims of privilege would also be final appealable orders. The decision of this court in petitioner's appeal in early December 1994, that the denial in part of a motion in limine does not constitute a final appealable order, rendered the allegations in the petition moot. Respondent was not divested of jurisdiction over the trial in the divorce proceedings by the filing of the notice of appeal.

Absent any additional challenge to the subject matter jurisdiction of respondent or to respondent's jurisdiction over petitioner personally, the allegations in the petition are insufficient to sustain an action in prohibition. See, generally, *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639. What remains in the petition is a challenge to a preliminary ruling on evidence. It is axiomatic that a writ of prohibition is not available to test the correctness of a decision concerning the admissibility of evidence made by a trial court which has jurisdiction over the parties and the subject matter since the determination of evidentiary issues, including issues of privilege, is lawfully within the discretion of the trial court. *Rath v. Williamson* (1992), 62 Ohio St.3d 419, 583 N.E.2d 1308 (physician-patient privilege/medical records); see *State ex rel. Scoratow v. Common Pleas Court of Wood Cty.* (1959), 170 Ohio St. 76, 9 O.O.2d

466, 162 N.E.2d 533, paragraph three of the syllabus; see, also, *State ex rel. Children's Med. Ctr. v. Brown* (1991), 59 Ohio St.3d 194, 571 N.E.2d 724; *State ex rel. Greater Cleveland Reg. Transit Auth. v. Guzzo* (1983), 6 Ohio St.3d 270, 6 OBR 335, 452 N.E.2d 1314; *State ex rel. Menorah Park Jewish Home v. Friedland* (May 14, 1991), Cuyahoga App. No. 61490, unreported. Litigation in prohibition "tests and determines solely and only the jurisdiction of the inferior tribunal." *State ex rel. Staton v. Franklin Cty. Court of Common Pleas* (1965), 5 Ohio St.2d 17, 21, 34 O.O.2d 10, 13, 213 N.E.2d 164, 167.

Accordingly, relator having failed to set forth a sufficient challenge to the jurisdiction of respondent, the motion to dismiss of respondent is granted and the petition for writ of prohibition is dismissed. Costs to petitioner.

*Judgment accordingly.*

HARPER, P.J., and NUGENT, J., concur.