[Cite as *Estate of Mikulski v. Cleveland Elec. Illum Co.*, 2012-Ohio-588.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96748**

## ESTATE OF JEROME R. MIKULSKI, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## CLEVELAND ELECTRIC ILLUMINATING CO.

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED IN PART; REVERSED**
**AND REMANDED IN PART**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-490019

**BEFORE:** Jones, J., Celebrezze, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 16, 2012

**ATTORNEYS FOR APPELLANTS**

Eric H. Zagrans
Zagrans Law Firm, L.L.C.
24500 Chagrin Boulevard
Suite 200
Cleveland, Ohio 44122

Dennis P. Barron
582 Torrence Lane
Cincinnati, Ohio 45208

Michael F. Becker
Becker Law Firm, L.P.A.
134 Middle Avenue
Elyria, Ohio 44035

Thomas R. Theado
Gary, Naegele & Theado, L.L.C.
446 Broadway Avenue
Lorain, Ohio 44052


**ATTORNEYS FOR APPELLEE**

Mitchell G. Blair
Tracy S. Johnson
1400 Keybank Center
800 Superior Avenue
Cleveland, Ohio 44114

Jeffrey J. Lauderdale
Calfee, Halter & Griswold L.L.P.
1405 East Sixth Street
Cleveland, Ohio 44114

LARRY A. JONES, J.:

{¶1}   Plaintiff-appellant, the estate of Jerome R. Mikulski,[1] appeals the trial court's judgment denying in part and granting in part Mikulski's motion to quash the subpoena issued to one of his attorneys, Dennis Barron.   We affirm in part and reverse and remand in part.

## I.   Procedural History and Facts

{¶2}   This action was filed in the Cuyahoga County Court of Common Pleas in December 2002 by Jerome and Elzetta Mikulski as a proposed class action for money damages.[2]   The complaint alleges that Mikulski and the proposed class members were holders of common stock of the Cleveland Electric Illuminating Company ("CEI") who were misinformed by the company about sums paid to them in 1985 and 1986.   Mikulski sought relief on the ground of fraudulent misrepresentation.[3]

{¶3}   In early 2003, the case was removed to federal court, but in 2007 was remanded to the Cuyahoga County Court of Common Pleas.   Upon remand, the parties proceeded to engage in discovery and disputes arose.   The dispute giving rise to this appeal centers around documentation and deposition testimony sought by CEI of one of

---

[1]The action was originally filed by Jerome Mikulski.   His estate was substituted in his stead upon his death.

[2]Plaintiffs will be referred to collectively as "Mikulski."   The trial court has not yet determined whether the case will proceed as a class action.

[3]Mikulski also filed three other related cases, each regarding differing time frames.   Two of the cases were filed in Cuyahoga County and one in Lucas County.

Mikulski's attorneys, Dennis Barron. Mikulski objected on the grounds of attorney-client privilege and work-product privilege.

{¶4} The record before us demonstrates that attorney Barron learned of CEI's alleged fraudulent accounting practices prior to Mikulski retaining him. During his pre-litigation investigation, Barron consulted with Robert Rosen, who is an attorney and a certified public accountant. Rosen has been identified by Mikulski as an expert witness who will testify on Mikulski's behalf at trial.

{¶5} After an in camera review of the disputed documents, the trial court ruled:

The court finds that the attorney-client privilege is not applicable to the documents in question and the work-product doctrine protects five of the twenty documents from discovery. The court finds based on the [deposition] testimony of Robert Rosen and the documents reviewed by this court that Robert Rosen was hired by Dennis Barron to provide consultation services and an attorney-client relationship did not exist. As an attorney-client relationship did not exist between Barron and Rosen, the plaintiffs' reliance on the attorney-client privilege is misplaced. The court finds that documents 2, 3, 4, 15 and 18 constitute work product that has not been disclosed to the expert Rosen and thus is not discoverable. The court finds that the remaining documents in the privilege log (1, 5-14, 16-17, and 19-20) are discoverable, as they were provided to the expert Rosen to help shape his opinion. (Trial court's September 3, 2010 judgment entry.)

{¶6} CEI then sought to depose attorney Barron, issuing a subpoena duces tecum requesting production of the following relevant documents:

1. Copies of all documents [the trial court previously] compelled [to be] produced * * * including any notes, pages, and sections not contained in or appended to the copies of such documents already produced by Plaintiffs and/or Mr. Rosen.

2. All documents related to [CEI], the calculation and reporting of Earnings and profits, or Plaintiffs' claims or damages in this matter that were provided to Mr. Rosen (by you or by a third party) or that Mr. Rosen provided to you.

3. All communications between you and Mr. Rosen.

{¶7} Mikulski filed a motion to quash CEI's subpoena issued to attorney Barron. The trial court ruled on the motion in relevant part as follows:

Defendant provided the court with evidence that Mr. Barron contributed to and/or authored Dr. Rosen's report and consequently the motion to quash the subpoena is denied with respect to item numbers one through three of the subpoena. The civil rules do not allow for ghost-writing of expert reports and in such situations any drafting of notes to or from the expert become discoverable. See *Reliance Ins. Co. v. Keybank U.S.A.* (N.D.Ohio 2006), No. 1:01 CV 62, 2006 WL 543129. (Trial court's December 14, 2010 judgment entry.)

{¶8} In response to the parties' query as to whether its judgment meant that Barron could be deposed, the court issued another entry:

This court previously order[ed] attorney [Barron] to respond to the document requests contained in paragraphs one through three of the subpoena, as defendants met the standard for obtaining discovery from an opposing counsel. This court's reasoning in ordering attorney Barron to turn over documents to the defendant also applies to attorney Barron's deposition testimony with respect to the issues contained in paragraphs one through three of the subpoena. Attorney Barron is hereby ordered to appear and give testimony on said issues. The court further finds that the framework set forth [by defendant] in the six numbered paragraphs * * * accurately

reflect the issues on which attorney Barron should testify and the deposition shall go forward in accordance with that framework. (Trial court's April 11, 2011 judgment entry.)

**{¶9}** The six areas identified by CEI for Barron's deposition testimony were:

1. what has happened to his copies of the documents identified in specifications one through three of Defendant's subpoena;

2. his complete recollection of the documents or information he once had in his possession, custody or control responsive to specifications one through three of Defendant's subpoena, including his complete recollection of the contents or subject matter of the documents or information;

3. his participation in the preparation of any documents or information supplied to Mr. Rosen, including all documents covered by specifications one through three of Defendant's subpoena;

4. the authenticity of the documents authored by him or supplied by him to Mr. Rosen;

5. his complete communications with Mr. Rosen; and

6. his understanding of the contents of documents and information exchanged between himself and Mr. Rosen, including the sources of the information set forth therein and his knowledge and understanding of the misreporting of Earnings and Profits that is the subject of certain of the communications with Mr. Rosen. (CEI's April 6, 2011 supplemental brief in opposition to plaintiffs' motion to quash subpoena to Dennis Barron.)

**{¶10}** In his sole assignment of error, Mikulski contends that

The trial court committed reversible error as a matter of law by ordering that defendants were permitted to depose one of plaintiffs' litigation counsel on matters substantively material to plaintiffs' claims, including what plaintiffs' counsel was thinking and doing as part of his investigation of the facts and law leading up to the filing of this litigation.

## II. Law and Analysis

### A. Standard of Review

**{¶11}** Civ.R. 26(B)(1) permits parties to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." In *Sutton v. Stevens Painton Corp.*, 193 Ohio App.3d 68, 2011-Ohio-841, 951 N.E.2d 91 (8th Dist.), this court noted the two standards of review that have been utilized regarding discovery orders. Specifically, the Ohio Supreme Court has stated that a discovery issue that involves the assertion of an alleged privilege is reviewed de novo. *Id.* at ¶ 12, citing *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 13; *Roe v. Planned Parenthood S.W. Ohio Region*, 122 Ohio St.3d 399, 2009-Ohio-2973, 912 N.E.2d 61, ¶ 29.

**{¶12}** The Ohio Supreme Court also has expressed, however, that the determination of whether materials are protected by the work-product privilege and the determination of "good cause" under Civ.R. 26(B)(3), are "'discretionary determinations to be made by the trial court.'" *Sutton* at ¶ 12, quoting *State ex rel. Greater Cleveland Regional Transit Auth. v. Guzzo*, 6 Ohio St.3d 270, 271, 452 N.E.2d 1314 (1983).

**{¶13}** In *Sutton*, this court noted that:

[t]he discrepancy in standards of review for these two privilege issues exists because, in establishing the abuse-of-discretion standard of review for work product privilege claims, [courts] focused on the fact that privilege issues are discovery-related, and applied the deferential review typically accorded to district court decisions about the scope of discovery, * * * whereas in establishing the standard of review for attorney-client privilege claims, [courts] focused on whether privilege was a question of law or fact, and, upon concluding it was a question of law, applied de novo review. *Id.* at ¶ 12, fn. 5, quoting *United States v. Roxworthy*, 457 F.3d 590, 592, fn. 1 (6th Cir.2006).

**{¶14}** Applying either standard of review here, we reach the same result.

B.   Attorney-Client Privilege

**{¶15}** The attorney-client privilege exempts from discovery certain communications between attorneys and their clients in the course of seeking or rendering legal advice. *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209, 210, 2001-Ohio-27, 744 N.E.2d 154. The privilege applies to pertinent communications between the attorney and client and generally can be waived only by the client. *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶ 21-22.

**{¶16}** The attorney-client privilege is founded on the premise that confidences shared in the attorney-client relationship are to remain confidential. *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 660, 1994-Ohio-324, 635 N.E.2d 331. The purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

C.   Work-Product Privilege

**{¶17}** The Ohio Supreme Court has defined work product as follows:

Work product consists of "documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative" and may be discovered only upon a showing of good cause. This rule is often referred to as the "work-product doctrine." The purpose of the work-product doctrine is "to prevent an attorney from taking undue advantage of his adversary's industry or efforts." *Boone* at 210, fn. 2, quoting Civ.R. 26; *see also Sutton*, 193 Ohio App.3d 68,

2011-Ohio-841, 951 N.E.2d 91, at ¶ 25.

D.   Analysis

**{¶18}** Mikulski requests that we consider the three-part test set forth in *Nationwide Mut. Ins. Co. v. The Home Ins. Co.*, 278 F.3d 621 (6th Cir.2002), in resolving this discovery issue.   In *Nationwide*, the Sixth Circuit held as follows:

> Discovery from an opposing counsel is "limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information [* * *]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."   *Id.* at 628, quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986).

**{¶19}** According to CEI, *Nationwide* is inapplicable because it seeks to depose Barron as a fact witness, not as an attorney.   We are not persuaded.   Barron has been identified as one of Mikulski's attorneys from the inception of, and throughout, this case. If CEI were to depose Barron, it would be deposing opposing counsel.   Thus, we consider the six areas identified by CEI for Barron's deposition testimony in light of the *Nationwide* test.

**{¶20}** The first area sought testimony from Barron about what happened to his copies of various documents identified in the subpoena.   The fourth area   sought testimony about the authenticity of documents Barron authored or supplied to Rosen. These two areas do not implicate either the attorney-client or work-product privileges, are relevant, and crucial to the preparation of the case.   Further, Barron is the only person who can supply this information.   The first and the fourth areas, therefore, satisfy the *Nationwide* test and Barron can be deposed as to them.

**{¶21}** Testimony from Barron about the third item, his participation in the preparation of any documents or information supplied to Rosen, and the fifth item, his "complete communications" with Rosen, would require the disclosure of attorney-client privileged communications between Barron as client and Rosen as his attorney and work-product information. Thus, the trial court's judgment ordering testimony as to these areas is reversed.

**{¶22}** Testimony from Barron about the second item, his "complete recollection" of the contents or subject matter of documents he had in his possession, and the sixth item, his understanding of the contents of documents and information exchanged between himself and Rosen, would disclose information protected by the work-product privilege. Thus, the trial court's judgment ordering testimony as to these areas is reversed.

### III. Conclusion

**{¶23}** The trial court's April 11, 2011 judgment ordering Barron to be deposed as to the six areas previously set forth is affirmed in part and overruled in part. Barron may be deposed as to the first and fourth areas, but not the remaining ones.

**{¶24}** Affirmed in part, reversed in part, and remanded.

It is ordered that appellants and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____

LARRY A. JONES, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR