[Cite as *Zimpfer v. Roach*, 2016-Ohio-5176.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

BLAKE ZIMPFER, ET AL.,

    PLAINTIFFS-APPELLANTS/
    CROSS-APPELLEES,                     CASE NO. 17-16-03

    v.

SANDRA S. ROACH, ET AL.,             O P I N I O N

    DEFENDANTS-APPELLEES/
    CROSS-APPELLANTS.

Appeal from Shelby County Common Pleas Court
Probate Division
Trial Court No. 2015CVA0001

Judgment Affirmed

Date of Decision: August 1, 2016

APPEARANCES:

    *Susan D. Solle* for Appellants

    *James L. Thieman* for Appellees

Case No. 17-16-03

**ROGERS, J.**

{¶1} Plaintiffs/Appellants/Cross-Appellees, Blake Zimpfer ("Blake") and Jody Keith ("Jody"), as legal guardian for Courtney Zimpfer ("Courtney") (collectively "Appellants"), appeal the judgment of the Court of Common Pleas of Shelby County, Probate Division, denying, in part, their motion to quash a subpoena issued by Defendants/Appellees/Cross-Appellants, Sandra Roach and Peggy Hall, individually and as co-executrixes of the estate of Robert Zimpfer ("the Decedent") (collectively "Appellees"). For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On February 11, 2015, Appellants filed a complaint against Appellees in the Court of Common Pleas of Shelby County, Probate Division, contesting the validity of the Decedent's Last Will and Testament ("the will").[1] Specifically, Appellants alleged that (1) the will failed to comply with the formal requirements of a will; (2) the Decedent lacked testamentary capacity to make a will; and (3) the will was a product of undue influence.

{¶3} Appellees later filed their answer in which they denied the allegations.

{¶4} In late 2015, Appellees issued a subpoena duces tecum to Dr. Kreg Huffer, Appellants' uncle, pursuant to Civ.R. 45. The subpoena requested production and inspection of the following items:

---

[1] The complaint also named Bradley Hall, Heather Hall, Rebecca Hall, and Andrea Roach as "Nominal Defendants/Interested Parties." (Docket No. 1, p. 1-2).

1. All letters, cards, notes, email correspondence, memoranda, or other forms of communication with one or more of the following individuals: 1) [Blake] 2) [Courtney] 3) [Jody] 4) employees of the law firm of Dinsmore and Shohl, LLP[2], regarding anything whatsoever to do with [the Decedent]. (This specifically includes all email correspondence in deleted files, and whether such email correspondence has been printed or is in electronic form).

2. All papers and other records of every kind and description in any way related to litigation, pending in the Common Pleas Court of Shelby County, Ohio and pertaining to the Estate of [the Decedent], including anything pertaining to the mediation of the case.

(Docket No. 48, Ex. 1).

{¶5} On January 15, 2016, Appellants filed a motion to quash the subpoena, claiming that Dr. Huffer's communications with Appellants' counsel were protected under the attorney-client privilege and the work-product doctrine.

{¶6} First, Appellants argued that Dr. Huffer was a "client" within the meaning of the attorney-client privilege insofar as he was Blake and Courtney's "agent" and "representative." Appellants explained, "Because [Blake and Courtney] are in the Army and at college, respectively, neither of [them are] readily available for litigation strategy and preparation discussion. Dr. Huffer is therefore acting as their agent and representative in those discussions * * *." (Docket No. 48, p. 3).

---

[2] Since the case's inception, Appellants have been represented by Dinsmore and Shohl, LLP.

{¶7} Second, Appellants argued that communications between Dr. Huffer and Appellants' counsel were protected under the work-product doctrine because they were "prepared specifically and exclusively in anticipation of litigation and trial * * * ." (*Id.* at p. 4).

{¶8} Attached to Appellants' motion was a copy of the subpoena and Dr. Huffer's affidavit. The affidavit stated:

1. I made the statements in this affidavit upon my own personal knowledge, am of the requisite age and capacity to testify as to all matters stated, am under no legal disability which would preclude me from testifying, and, if called upon to do so, would testify as set forth in this affidavit.

2. I am over the age of eighteen (18) years and am of sound mind and body.

3. I am the uncle of [Blake and Courtney].

4. I have assumed the role of representative and agent for [Blake and Courtney] for purposes of this litigation.

5. All communications between myself and any attorneys at Dinsmore & Shohl are directly related to litigation issues in my role as representative of [Blake and Courtney].

6. I do not waive the attorney-client privilege that applies to these communications.

(Docket No. 48, Ex. 2, p.1).

{¶9} On January 19, 2016, Appellees filed their response, arguing that the affidavit was insufficient to show that Dr. Huffer was Appellants' "agent" and "representative."

{¶10} First, they argued that Dr. Huffer's statement that he "assumed the role as personal representative and agent for [Appellants] for purposes of this litigation" was an unsupported legal conclusion. (*Id.*)

{¶11} Second, they argued that even if Dr. Huffer was Appellants' "agent" and "representative," there was insufficient evidence to show that Appellants were the source of the communications between Dr. Huffer and Appellants' counsel.

{¶12} Third, they argued that while the work-product doctrine arguably applied to communications made by Appellants' counsel to Dr. Huffer, "there ha[d] been no showing by affidavit or otherwise that [the] communications were made in anticipation of litigation, rather than keeping a family member of the clients informed", and Appellants' counsel had waived any protection by communicating with a non-party. (Docket No. 49, at p. 4).

{¶13} On January 21, 2016, Appellants filed their reply.

{¶14} First, they argued that the relevant inquiry in determining whether one is an agent or representative of a client is whether the purported agent/representative acted more as someone conveying information rather than a consultant. Appellants maintained that Dr. Huffer "served no purpose other than to communicate with counsel on his niece's and nephew's behalf" because "Blake is serving in the Army and Courtney is in college." (Docket No. 51, p. 2).

{¶15} Second, they argued that Appellees were only entitled to their counsel's work-product upon a showing of "good cause" and no "good cause" existed.

{¶16} On January 29, 2016, the trial court granted, in part, and denied, in part, Appellants' motion to quash. Its Entry stated, in part:

> Regarding the first document request set forth in the subpoena, [Appellees] seek discovery of documents regarding any communications of [Blake and Courtney] regarding the [D]ecedent in the possession of Dr. Huffer. As to [Blake and Courntey's] communications with the [D]ecedent or with Dr. Huffer concerning this lawsuit, [Appellees] seek discovery from Blake [] and Courtney [], parties to this action. In that regard Civ.R. 45(A) provides that 'a subpoena may not be used to obtain . . . the production of documents by a party in discovery. Rather, . . . documents or electronically stored information may be obtained from a party in discovery only pursuant to Civ.R. 34.' Thus, the subpoena of the [Appellees] for communications between [Blake and Courtney] to anyone about [the Decedent's] case must be made under Civ.R. 34 to them. Accordingly, the motion to quash as to communications of [Blake and Courtney] concerning the [D]ecedent is WELL TAKEN.
>
> Addressing the subpoena as it relates to Dr. Huffer's communication with [Jody] and employees of the law firm of Disnmore and Shohl, LLP regarding the [D]ecedent, that matter is not subject to any privilege or work product exception. Accordingly, the subpoena commanding Dr. Huffer to produce his communications with [Jody] and the employees of the law firm of Dinsmore and Shohl, LLP is subject to production.

(Docket No. 54, p. 2-3).

{¶17} It is from this judgment that both parties appeal, presenting the following assignments of error for our review.

*Appellants' Assignments of Error*

*Assignment of Error No. I*

**THE TRIAL COURT VIOLATED THE ATTORNEY-CLIENT PRIVILEGE DENYING APPELLANTS' MOTION TO QUASH SUBPOENA.**

*Assignment of Error No. II*

**THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING THE PRODUCTION OF DOCUMENTS PROTECTED BY THE WORK PRODUCT DOCTRINE.**

*Appellees' Cross-Assignment of Error*

**THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT CIV.R. 45(A) PREVENTS THE ISSUING OF A SUBPOENA TO A NON-PARTY FOR THE PRODUCTION OF COMMUNICATIONS INVOLVING THE OPPOSING PARTY.**

{¶18} Due to the nature of Appellants' assignments of error, we elect to address them together.

*Appellants' Assignments of Error Nos. I & II*

{¶19} In their first and second assignments of error, Appellants argue that the trial court erred in denying their motion to quash insofar as it ordered Dr. Huffer to turn over his communications with their counsel.  Specifically, Appellants argue that the communications are protected under the attorney-client privilege and the work-product doctrine.  We disagree.

*Standard of Review*

**{¶20}** "Ordinarily, a discovery dispute is reviewed under an abuse of discretion standard." *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, ¶ 13 (2010). But "if the discovery issue involves an alleged privilege * * * it is a question of law that must be reviewed de novo." *Id.*; *see also Roe v. Planned Parenthood S.W. Ohio Region*, 122 Ohio St.3d 399, 2009-Ohio-2973, ¶ 29.

**{¶21}** We note, however, that the Ohio Supreme Court has previously expressed that "[t]he existence of a Civ.R. 26(B)(1) 'privilege' as well as Civ.R. 26(B)(3) 'good cause' are discretionary determinations to be made by the trial court." *State ex rel. Greater Cleveland Regional Transit Auth. v. Guzzo*, 6 Ohio St.3d 270, 271 (1983). A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, ¶ 16-18 (2d Dist.). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶22}** Under either standard of review, we reach the same result.

*Civ.R. 26(B) and 45(C)*

**{¶23}** The Rules of Civil Procedure provide liberal discovery provisions. The scope of discovery includes "any matter, *not privileged*, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *."  (Emphasis added.) Civ.R. 26(B)(1).

**{¶24}** One available means of discovery is a Civ.R. 45 subpoena, which allows a party to command a non-party to:

> * * *
>
> (iv)  produce and permit inspection and copying of any designated documents or electronically stored information that are in the possession, custody, or control of the person;
>
> * * *

Civ.R. 45(A)(1)(b). *Compare* Civ.R. 34(A) (governing requests for production and inspection of documents between parties.)

**{¶25}** However, "[o]n a timely motion, the court from which the subpoena was issued shall quash or modify the subpoena, or order appearance or production only under specified conditions, if the subpoena * * * [r]equires disclosure of privileged or otherwise protected matter and no exception or waiver applies * * *." Civ.R. 45(C)(3)(b).

**{¶26}** "When information subject to discovery is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim." Civ.R. 26(B)(6)(a).

**{¶27}** "The burden to show that testimony or documents are confidential or privileged is on the party seeking to exclude the material." *Grace v. Mastruserio*, 182 Ohio App.3d 243, 2007-Ohio-3942, ¶ 19 (1st Dist.), citing *Lemley v. Kaiser*, 6 Ohio St.3d 258, 263-264 (1983); *see also Waldmann v. Waldmann,* 48 Ohio St.2d 176, 178 (1976) ("[T]he burden of showing that testimony sought to be excluded under the doctrine of privileged attorney-client communications rests upon the party seeking to exclude it."); *Giusti v. Akron Gen. Med. Ctr.*, 178 Ohio App.3d 53, 2008-Ohio-4333, ¶ 17 (9th Dist.) ("The party claiming the privilege has the burden of proving that the privilege applies to the requested information.").

*Attorney-Client Privilege*

**{¶28}** "The attorney-client privilege is one of the oldest recognized privileges for confidential communications." *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, ¶ 19, quoting *Swidler & Berlin v. United States*, 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998). It "is the cornerstone upon which the attorney-client relationship is formed." *G.*

*Rand Smith Co., L.P.A. v. Footbridge Capital, LLC*, 3rd Dist. Union No. 14-01-39, 2002-Ohio-2189, ¶ 7.  "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."  *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

{¶29} In Ohio, the attorney-client privilege is governed by both R.C. 2317.02(A)(1) and common law.  R.C. 2317.02(A)(1) provides that an attorney shall not *testify* "concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client".  The common-law privilege " 'reaches far beyond a proscription against testimonial speech [and] protects against any dissemination of information obtained in the confidential relationship.' " *MA Equip. Leasing I, L.L.C. v. Tilton*, 10th Dist. Franklin No. 12AP-564, 2012-Ohio-4668, ¶ 19, quoting *Leslie* at ¶ 26.

{¶30} Whether the communications between Dr. Huffer and Appellants' counsel are protected by the attorney-client privilege depends on whether Dr. Huffer is a "client" within the meaning of the privilege.  Although this matter falls outside the scope of R.C. 2317.02(A)(1), we are still guided by the Revised Code's definition of "client."

R.C. 2317.021(A) defines "client" as

a person * * * that, directly or through any representative, consults
an attorney for the purpose of retaining the attorney or securing legal

service or advice from the attorney in the attorney's professional capacity, or consults an attorney employee for legal service or advice, and who communicates, either directly or through an agent * * * or other representative, with such attorney * * *.

**{¶31}** Here, the only piece of evidence supporting the existence of an attorney-client relationship between Dr. Huffer and Appellants' counsel is Dr. Huffer's sworn statement that he "assumed the role of representative and agent for Blake and Courtney for purposes of this litigation." (Docket No. 48, Ex. 2, p.1). The record contains no evidence from which one could conclude that Blake and/or Courtney designated, appointed, or otherwise requested Dr. Huffer to act as their agent and representative for purposes of this litigation. For example, Dr. Huffer's affidavit did not explain how he came to "assume" this role, and neither Blake nor Country submitted an affidavit supporting Dr. Huffer's statement.

**{¶32}** While Appellants argue that Dr. Huffer "assumed" this role due to the fact that Blake was in the Army and Courtney was in college, this evidence is not contained in Dr. Huffer's affidavit, and even if it were, it is not evidence that Appellants' counsel's clients—Blake and Courtney—designated, appointed, or otherwise requested Dr. Huffer to act as their agent or representative within the meaning of the privilege.

**{¶33}** Importantly, Appellants never requested an evidentiary hearing during which they could have presented additional evidence supporting the existence of an attorney-client relationship between Dr. Huffer and Appellants'

counsel, and Civ.R. 45(C) does not require the trial court to hold an evidentiary hearing prior to ruling on a motion to quash. *Bickel v. Cochran*, 10th Dist. Franklin No. 14AP-439, 2014-Ohio-5862, ¶ 12 ("There is no requirement that the trial court hold an evidentiary hearing on a motion to quash a subpoena brought pursuant to Civ.R. 45(C).").

**{¶34}** For these reasons, we cannot say that the trial court erred in denying Appellants' motion to quash on the grounds that the communications were not protected under the attorney-client privilege because Appellants did not meet their burden of proving that the privilege applied to the requested information.

*Work-Product Doctrine*

**{¶35}** Civ.R. 26(B)(3) codifies what is often referred to as the work-product doctrine. It states: "[A] party may obtain discovery of documents, electronically stored information and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney * * * or agent) only upon a showing of good cause therefor." Civ.R. 26(B)(3). The work-product doctrine protects the "attorney's mental processes in preparation of litigation, establishing 'a zone of privacy in which lawyers can analyze and prepare their client's case free from scrutiny or interference by an adversary.' " *Squire, Sanders, & Dempsey, L.L.P. v.*

*Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010–Ohio–4469, ¶ 55, citing *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir.2006).

**{¶36}** Appellants argue that the communications between Dr. Huffer and Appellants' counsel are privileged under the work-product doctrine because Dr. Huffer stated in his affidavit that "[a]ll communications between [himself] and any attorneys at Dinsmore & Shohl are directly related to litigation issues in [his] role as representative of [Blake and Courtney]." (Docket No. 48, Ex. 2, p. 1). However, this argument rests on the premise that the communications fall within the scope of the work-product doctrine because Dr. Huffer is a "client" within the meaning of the attorney-client privilege. But, as explained above, it cannot be established that Dr. Huffer is a "client" within the meaning of the privilege, and therefore, this argument necessarily fails.

**{¶37}** In the alternative, Appellants ask that the matter be remanded so that the trial court can hold an in camera review of the documents. Presumably, these documents reflect communications between Dr. Huffer and Appellants' counsel. But, again, Appellants never requested an in camera review during which they could have presented the documents to the trial court for review, and Civ.R. 45(C) does not require the trial court to hold an in camera review prior to ruling on a motion to quash.

{¶38} For these reasons, we cannot say that the trial court erred in denying Appellants' motion to quash on the grounds that the documents were not protected under the work-product doctrine because Appellants did not meet their burden of proving that the doctrine applied to the requested information.

{¶39} Accordingly, we overrule Appellants' first and second assignments of error.

*Appellees' Cross-Assignment of Error*

{¶40} In their cross-assignment of error, Appellees argue that the trial court erred in finding that the subpoena for communications between Appellants and Dr. Huffer must be made under Civ.R. 34 instead of Civ.R. 45. However, at oral argument, Appellees withdrew this assignment of error as moot, citing that Dr. Huffer did not have in his possession any documents responsive to this portion of Appellees' subpoena.

{¶41} Accordingly, Appellees' cross-assignment of error is rendered moot. App.R. 12.

{¶42} Having found no error prejudicial to the appellants, in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**