[Cite as *Smith v. Neff*, 2024-Ohio-1881.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICHAEL SMITH,                                 :

    Relator,                                   :

    v.                                         :                 No. 113807

HONORABLE JUDGE TESS NEFF,          :

    Respondent.                             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**DATED:** May 15, 2024

---

Writ of Prohibition
Order No. 574547

---

### *Appearances:*

Michael Smith, *pro se.*

Myriam A. Miranda, City of Lakewood Chief Prosecuting Attorney, and Andrew N. Fleck, Assistant Prosecuting Attorney, *for respondent.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Relator, Michael Smith, seeks a writ of prohibition against respondent, Judge Tess Neff, from allowing the discussion, dissemination, or introduction as evidence of information related to a sealed matter in a civil case that

was filed in the Cuyahoga County Common Pleas Court. For the reasons that follow, we sua sponte dismiss Smith's second amended complaint.[1]

## I.     Procedural and Factual History

{¶ 2}   On April 11, 2024, Smith filed a complaint for writ of prohibition, followed the next day by a first amended complaint for writ of prohibition. Both filings named the city of Lakewood as the sole respondent. The complaint and amended complaint sought the same relief and contained similar allegations with only minor variations between them. After the city of Lakewood timely filed a motion to dismiss based in part on Smith's failure to name a proper respondent, Smith filed a motion for leave to file a second amended complaint to change the respondent to Judge Neff, the judge overseeing his criminal case in the Lakewood Municipal Court. In the second amended complaint, Smith alleged that he was being prosecuted for violating a protection order in *Lakewood v. Smith*, Lakewood M.C. No. 2023CRB00524 (the "Lakewood Municipal Court case"). He alleged that the ex parte protection order he was accused of violating was dissolved when the common pleas court denied the issuance of a protection order after a full hearing in *N.S. v. M.S.*, Cuyahoga C.P. No. CV-23-977862 (the "sealed common pleas court

---

[1] We sua sponte dismiss this complaint because Smith filed, and we accepted, a second amended complaint that was filed after respondent's motion to dismiss. Generally, filing an amended complaint moots a motion to dismiss the original complaint. *See Fried v. Friends of Breakthrough Schools*, 8th Dist. Cuyahoga No. 108766, 2020-Ohio-4215, ¶ 10-12.

case"). The common pleas court records of this matter were later sealed pursuant to R.C. 2903.214(G)(2) on an unspecified date.

{¶ 3} At some point, the petitioner in the sealed common pleas court case moved the trial judge to temporarily unseal the records of that case. The common pleas judge granted the motion and unsealed the records for 30 days. Smith appealed that order to this court and moved for a stay of the common pleas judge's decision, which this court granted on March 18, 2024. *N.S. v. M.S.*, 8th Dist. Cuyahoga No. 113729. That appeal remains pending.

{¶ 4} The Lakewood Municipal Court case moved forward. Smith alleged that on April 8, 2024, Judge Neff denied a motion in limine that sought to exclude all evidence or discussion of the sealed common pleas court case. The matter then proceeded to a jury trial on April 11 and 12, 2024. According to Smith's second amended complaint, that trial resulted in a hung jury and Smith was scheduled to be retried on May 22, 2024, for violating the ex parte protection order. Smith seeks an order from this court prohibiting Judge Neff from allowing any open discussion, dissemination, or admission of evidence regarding the sealed common pleas court case.

{¶ 5} On April 16, 2024, this court issued a briefing order directing respondent to file an answer and/or dispositive motion on or before April 30, 2024. The order also gave Smith seven days to file an opposition brief. Respondent timely filed a motion to dismiss. There, it argued that Smith's complaint was fatally defective, Smith did not name a proper party, and the allegations in Smith's

complaint failed to state a claim on which relief could be granted. Respondent's motion to dismiss also filled in the significant gaps in the procedural history of the underlying cases. Respondent also included over 250 pages of attachments to the motion. The following day, this court struck the attachments to respondent's motion to dismiss because they were largely unrelated to the analysis respondent made in the argument section of its motion to dismiss. On May 2, 2024, Smith sought to amend his complaint to name a proper respondent. This court granted the motion.

## II. Law and Analysis

### A. Standard for Prohibition

{¶ 6} A writ of prohibition is an order of a superior court to an inferior one "'commanding it to cease abusing or usurping judicial functions.'" *Lundeen v. Turner*, 8th Dist. Cuyahoga No. 109240, 2020-Ohio-274, ¶ 6, quoting *State ex rel. Burtzlaff v. Vickery*, 121 Ohio St. 49, 50, 166 N.E. 894 (1929). A writ of prohibition generally tests the subject-matter jurisdiction of a judicial officer or one acting in a quasi-judicial capacity. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998).

> Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe* (1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke County* (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas* (1940), 137 Ohio St. 273, 28 N.E.2d 641, and *Reiss v. Columbus Municipal Court*, 145 N.E.2d 447 [(2d Dist.1956)].

*State ex rel. Capital One Bank (USA) N.A. v. Karner*, 8th Dist. Cuyahoga No. 96739, 2011-Ohio-6439, ¶ 10.

{¶ 7} Sua sponte dismissal of a complaint without notice in an original action is appropriate """when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.""" *State ex rel. Williams v. Trim*, 145 Ohio St.3d 204, 2015-Ohio-3372, 48 N.E.3d 501, ¶ 11, quoting *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 3, quoting *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14, and citing *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7. "Such a dismissal is appropriate only if, after presuming the truth of all material factual allegations of the petition and making all reasonable inferences in the claimant's favor, it appears beyond doubt that the claimant can prove no set of facts entitling him to the requested extraordinary relief in prohibition." *State ex rel. Kerr v. Pollex*, 159 Ohio St.3d 317, 2020-Ohio-411, 150 N.E.3d 907, ¶ 5.

**B. Complete Lack of Jurisdiction**

{¶ 8} Smith alleges that Judge Neff lacks jurisdiction or has exceeded the proper jurisdiction of a municipal court judge in overseeing his criminal trial.

{¶ 9} Smith's second amended complaint states that he is being prosecuted for a misdemeanor charge of violating a protection order. Smith does not seriously take issue with the subject-matter jurisdiction of Judge Neff to oversee that case. He admits in his second amended complaint that Judge Neff has jurisdiction over the

Lakewood Municipal Court case. Second Amended Complaint, filed May 2, 2024, page 7. Indeed, "[t]he municipal court has jurisdiction to hear misdemeanor cases committed within its territory * * *." R.C. 1901.20(A)(1). *See also State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 16.

{¶ 10} Instead, Smith asserts claims dealing with the ability of Judge Neff, the city prosecutor, and other third parties to discuss, disseminate, introduce, and admit evidence related to the sealed common pleas court case. Smith argues that Judge Neff is ignoring or overruling the sealing order of the common pleas court and this court's stay order that is currently in place in the appeal of the order temporarily unsealing the record of the sealed common pleas court case. This argument could be interpreted as one that is capable of relief in prohibition: "When an inferior tribunal refuses to follow the mandate of superior one, mandamus or prohibition may lie." *State ex rel. Gallagher v. Collier-Williams*, 8th Dist. Cuyahoga No. 111229, 2022-Ohio-1177, ¶ 13.

{¶ 11} Smith argues that because this court issued a stay of the order temporarily unsealing the records of the common pleas court case, Judge Neff is ignoring an order of this appellate court and the Cuyahoga County Common Pleas Court's earlier order that sealed the records of a case. Smith claims, "letting such an erroneous decision stand will allow any trial courts to second guess other trial court's sealing orders by simply introducing by third parties that sealed/expunged evidence in open court to a jury of the relator's peers, contrary to ethics rules and the intentions of what sealing/expungement was meant to do * * *." However, no such

orders specifically address Judge Neff's ability to discuss, disseminate, or accept into evidence any specific information related to the Lakewood Municipal Court case where such information is not derived directly from the sealed record. The use of a writ of prohibition to compel compliance with a mandate from a superior court "is reserved for extreme cases of direct disobedience." *State ex rel. Cowan v. Gallagher*, 153 Ohio St.3d 13, 2018-Ohio-1463, 100 N.E.3d 407, ¶ 12.

{¶ 12} The sealing of records of a case generally restricts the public from accessing records of that case from the clerk of courts whose responsibility it is to maintain those records and potentially other places where those records are typically stored. In fact, "sealing a record of conviction 'simply provides a shield from the public's gaze.'" *State v. T.J.D.*, 2020-Ohio-3745, 156 N.E.3d 322, ¶ 14 (2d Dist.), quoting *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, ¶ 5, fn. 2, citing former R.C. 2953.32(D). *See also* Sup.R. 44(C)(2)(a). But an order sealing records pursuant to R.C. 2903.214(G)(2) does not implicate the *jurisdiction* of another court to hear evidence in a case.

{¶ 13} A recent disciplinary case before the Supreme Court of Ohio illustrates why the discussion and introduction of evidence by "third parties" is not prohibited as Smith claims. *Disciplinary Counsel v. Perrico*, Slip Opinion No. 2024-Ohio-1540. In that case, the Supreme Court of Ohio's opinion openly discussed the procedural history of the sealed convictions, dismissed charges, and the factual basis for all the charges. This information was derived from sources such as direct

testimony from the victims and evidence independently adduced in the disciplinary proceedings. *Id*. at ¶ 50 (Donnally, J., concurring).

{¶ 14} Contrary to Smith's arguments, the sealing of a court proceeding does not prohibit any and all discussion or use of information related to those proceedings. Further, this demonstrates that the sealing of a court record or proceeding does not present a jurisdictional bar to the discussion of information that may be related to that which is found in sealed records where independent evidence and testimony can be adduced and where those records were obtained from sources other than the officially sealed record.[2] In this case, Judge Neff does not patently and unambiguously lack jurisdiction to discuss or allow the presentation of evidence related to the sealed common pleas court case.

{¶ 15} Where a respondent does not patently and unambiguously lack jurisdiction over a case, the lack of an adequate remedy at law is a necessary element of a successful claim in prohibition. *State ex rel. Huntington Natl. Bank v. Kontos*, 145 Ohio St.3d 102, 2015-Ohio-5190, 47 N.E.3d 133, ¶ 16. In these circumstances, "[a]n appeal is considered an adequate remedy that will preclude a writ of prohibition." *Id*. at ¶ 17. *See also State ex rel. Kerr*, 159 Ohio St.3d 317, 2020-Ohio-411, 150 N.E.3d 907, at ¶ 9 (finding that appeal of a criminal conviction constituted an adequate remedy at law); *State ex rel. Laurie v. Ondrey*, 11th Dist. Geauga No.

---

[2] The records in the underlying common pleas court case were not sealed or expunged pursuant to the sealing or expungement statutes, R.C. 2953.32 and 2953.33. Instead, they were sealed under R.C. 2903.214(G)(2) dealing specifically with protection orders.

2021-G-0008, 2021-Ohio-1991, ¶ 9 (finding appeal of the denial of a motion to dismiss an indictment, after final judgment of conviction, constituted an adequate remedy at law); and *State ex rel. Jackim v. Ambrose*, 8th Dist. Cuyahoga No. 90785, 2008-Ohio-45 (finding that appeal after criminal trial and conviction was an adequate remedy at law). Here, Smith possesses a right to appeal the admission of any sealed records or evidence in the Lakewood Municipal Court case, including the admissibility, availability, or use of any sealed records in the underlying case after final judgment, should he be convicted. This availability of an adequate remedy at law precludes relief in prohibition.

{¶ 16} Smith is essentially seeking interlocutory appellate review of the denial of his motion in limine that sought to exclude evidence from the sealed common pleas court case and a broad order from this court prohibiting even the discussion of the sealed common pleas court case. But, "[a] motion in limine is tentative and precautionary in nature, reflecting the court's anticipatory treatment of an evidentiary issue at trial. In deciding such motions, the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial." *Defiance v. Kretz*, 60 Ohio St.3d 1, 4, 573 N.E.2d 32 (1991).

{¶ 17} As explained above, Smith has an adequate remedy at law to review Judge Neff's future decisions on any evidentiary rulings made in those proceedings through a direct appeal.[3] "It is axiomatic that a writ of prohibition is not available

[3] This court takes no position on the propriety of Judge Neff's decision in this limited action in prohibition.

to test the correctness of a decision concerning the admissibility of evidence made by a trial court which has jurisdiction over the parties and the subject matter since the determination of evidentiary issues, including issues of privilege, is lawfully within the discretion of the trial court." *Badger v. Flanagan*, 100 Ohio App.3d 173, 176-177, 652 N.E.2d 258 (8th Dist.1995), citing *Rath v. Williamson*, 62 Ohio St.3d 419, 583 N.E.2d 1308 (1992) (physician-patient privilege/medical records); *State ex rel. Scoratow v. Common Pleas Court of Wood Cty.*, 170 Ohio St. 76, 162 N.E.2d 533 (1959), paragraphs two and three of the syllabus (finding that a writ of prohibition may not be employed as a substitute for the usual orderly process of appeal to challenge the admission of evidence); *State ex rel. Children's Med. Ctr. v. Brown*, 59 Ohio St.3d 194, 571 N.E.2d 724 (1991) (the admissibility of evidence may not be determined in a writ of prohibition); and *State ex rel. Greater Cleveland Reg. Transit Auth. v. Guzzo*, 6 Ohio St.3d 270, 452 N.E.2d 1314 (1983) (holding that where a court had jurisdiction over the parties and the subject matter, prohibition may not be used as a substitute for appeal).

{¶ 18} For these reasons, Smith is not entitled to relief in prohibition. His second amended complaint is sua sponte dismissed. Costs assessed against relator. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 19} Complaint dismissed.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

LISA B. FORBES, J., CONCURS;
MARY EILEEN KILBANE, P.J., DISSENTS (WITH SEPARATE OPINION)


MARY EILEEN KILBANE, J., DISSENTING:

{¶ 20} I respectfully dissent from the sua sponte dismissal of the complaint in this case.

{¶ 21} Records in the underlying common pleas court case were sealed by order of the judge assigned to the case. Pursuant to R.C. 2903.214(G)(2), when a court refuses to grant a protection order after full hearing, "the court, on its own motion, shall order that the ex parte order issued under this section and all of the records pertaining to that ex parte order be sealed after" the possibility to timely challenge the decision on appeal has passed. That occurred in the underlying common pleas court case on December 18, 2023. The petitioner in that case moved to unseal those records on February 21, 2024. On March 8, 2024, the common pleas judge inexplicably granted the motion to unseal the records in that case for 30 days. A notice of appeal was filed on March 13, 2024. On March 18, 2024, Smith filed an emergency motion to stay the common pleas court's order unsealing the records, which we granted the same day. On March 19, 2024, the common pleas judge docketed an order resealing the records of those proceedings in compliance with this

court's stay order. The records of those proceedings remain sealed and it is as if they did not occur. *See* R.C. 2953.33(B)(4).

{¶ 22} I find that Smith's second amended complaint presents a viable claim for relief that is not subject to sua sponte dismissal. Smith's complaint is not frivolous nor is it apparent from the face of the complaint that Smith obviously cannot prevail. Therefore, I would allow the case to proceed to briefing and proper disposition.