[Cite as *State v. Wilson*, 2021-Ohio-1444.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo        Court of Appeals No. L-20-1050

      Appellee        Trial Court No. CRB-19-11005

v.

Christopher M. Wilson        **DECISION AND JUDGMENT**

      Appellant        Decided: April 23, 2021

* * * * *

David Toska, Chief Prosecutor, and Christopher Lawrence,
Assistant Prosecutor, for appellee.

Tyler Naud Jechura, for appellant.

* * * * *

**ZMUDA, P.J.**

{¶ 1} In September 2019, appellant, Christopher Wilson, was charged with violating a civil protection order, issued by the Lucas County Common Pleas Court, Domestic Relations Division. The CPO had been granted, ex parte, on April 4, 2019. Appellant violated the terms of the ex parte CPO, and was sentenced to jail for that violation in a separate proceeding.

{¶ 2} After a full hearing on April 12, the domestic relations court granted a five-year CPO. Appellant did not appear at the hearing in that court, and the record does not indicate appellant received service of the CPO. At the time of hearing and issuance of the five-year CPO, appellant was still in custody in Lucas County. Appellant remained in custody on other charges in additional cases for almost two years. Months later, almost immediately after his release from custody, appellant's alleged conduct— contacting the protected person via Facebook—resulted in the violation charged in this case.

{¶ 3} On February 10, 2020, appellant appeared for trial and asked to remove the public defender so that he might proceed pro se. The trial court granted the request, but also permitted appellant's appointed trial counsel to present opening and closing argument, who noted the lack of service of the CPO on appellant. Otherwise, appellant represented himself, and appellant took the stand in his own defense, denying any attempt to contact the protected person via Facebook and denying any knowledge of the five-year CPO.

{¶ 4} The appellee, city of Toledo, presented no evidence of service, either actual or constructive, but argued that the temporary, ex parte order remained in effect until the date of service of the five-year CPO, so long as it occurred within the five-year period. Specifically, the prosecution argued:

I think we're all in agreement – or at least the City's position is

[appellant] was properly served, with that ex parte order. It's his testimony

2.

he was in prison, at the time, that this occurred. He wasn't released for two years. I think that what they're asking The Court to find is to create a dangerous loophole in the protection order law. That if you can't show, someone in prison might have been served a year or three years, down the line, that these victims would not have a valid protection order in place. I don't think that's the design or the spirit of provision six [of the CPO].[1] I think provision six gives this Court the ability to find that that ex parte order, which was properly served, remains in effect. I guess, Judge, in perpetuity until proper service of the full order has been effectuated or until that full order expires, at the end of the five-year period, for which it was granted.

---

[1] This provision provides as follows: **ALL OF THE TERMS OF THIS ORDER SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL APRIL 10, 2023**, unless earlier modified or terminated by order of this Court. This Order remains in effect unless modified by a divorce, dissolution of marriage or legal separation. Until this Order is served upon the Respondent pursuant to Civ.R. 65.1, the terms of the *Ex Parte* CPO remain in effect.

Civ.R. 65.1(C) mandates service of "documents required by the applicable protection order statute to be served on the Respondent," with initial service according to Civ.R. 4.1(B) and Civ.R. 4 through 4.6, and subsequent service "in accordance with the provisions of Civ.R. 5(B)." Civ.R. 65.1(C) contains no provision for delayed service while a respondent remains incarcerated.

3.

The city now acknowledges a lack of evidence that appellant was served or had constructive knowledge of the CPO, entered after the expiration of the temporary, ex parte order, abandoning this prior "in perpetuity" position.

{¶ 5} The trial court found appellant guilty, and sentenced him to 180 days in the Corrections Center of Northwest Ohio, with credit for 30 days already served.

{¶ 6} Appellant, through appointed appellate counsel, filed a timely appeal.[2]  In challenging his conviction, appellant raises the following as error:

> I.  THE TRIAL COURT COMMITTED PLAIN ERROR BY REFUSING TO HEAR THE COLLATERAL ATTACK ON THE CIVIL PROTECTION ORDER.
>
> II.  THE TRIAL COURT COMMITTED PLAIN ERROR IN RULING THE CIVIL PROTECTION ORDER TO BE IN EFFECT WHEN IT HAD NOT BEEN SERVED UPON MR. WILSON.
>
> III.  THE TRIAL COURT ERRED WHEN IT CONVICTED MR. WILSON BECAUSE THE EVIDENCE PRESENTED BY THE CITY BOTH LACKED THE SUFFICIENCY TO SUPPORT THE

---

[2] Appellant also filed a motion for stay of sentence in the trial court, and the trial court denied the motion.  This court also denied appellant's motions for stay of sentence, first on April 13, 2020, and then again on May 13, 2020.  Appellee filed no opposition to a stay, and briefing was delayed, first by appellant's counsel who requested an extension on September 4, and later by appellee's counsel who requested an extension on November 5, 2020.  There was no request that we place the matter on the accelerated docket.

4.

CONVICTION AND THE CONVICTION WAS AGAINST THE

MANIFEST WEIGHT OF THE EVIDENCE PRESENTED.

{¶ 7} As noted by appellee, the sufficiency of evidence of service and knowledge of the CPO is dispositive. Therefore, we address appellant's third assignment of error first.

{¶ 8} Appellant was charged with violation of a protection order. "It is unlawful for a person to recklessly violate the terms of a protection order issued, inter alia, pursuant to R.C. 3113.31 (domestic violence protection order), R.C. 2919.27(A)(1), or 2903.214 (civil stalking protection order), R.C. 2919.27(A)(2)." *State v. Johnson*, 6th Dist. Wood No. WD-13-008, 2014-Ohio-2435, ¶ 12. Here, the CPO issued pursuant to R.C. 3113.31, which mandates notice to the respondent. *Id.* at ¶ 13, citing R.C. 3113.31(F)(1). Such notice requires either service of the order or constructive notice as provided in R.C. 2919.27(D), which provides:

> (D) In a prosecution for a violation of this section, it is not necessary for the prosecution to prove that the protection order or consent agreement was served on the defendant if the prosecution proves that the defendant was shown the protection order or consent agreement or a copy of either or a judge, magistrate, or law enforcement officer informed the defendant that a protection order or consent agreement had been issued, and proves that the defendant recklessly violated the terms of the order or agreement.

5.

{¶ 9} The city acknowledges the lack of service of the five-year CPO on appellant, as required by R.C. 3113.31(F)(1), indicating the prosecution went forward "with the belief it would be able to show [appellant] had constructive knowledge of the existence of the 5 year CPO." At trial, the city actually argued the continued effect of the ex parte order, and asked appellant no questions on cross-examination regarding his constructive knowledge of the CPO.[3]

{¶ 10} The city now concedes that it put forth insufficient evidence in support of a finding of constructive knowledge. Without evidence of appellant's knowledge of the CPO, the city failed to establish an essential element to prove a violation of R.C. 2919.27. Accordingly, appellant's third assignment of error is well-taken, and his remaining assignments of error are moot.

{¶ 11} Upon due consideration, we vacate the judgment of the Toledo Municipal Court. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment vacated.

---

[3] While not raised as an issue for review, we find the "in perpetuity" argument to be indefensible based on these circumstances. Service was not an impossible task in this case, considering appellant was in custody and, therefore, not difficult to locate. Furthermore, the provision of R.C. 2919.27(D) permits service by merely walking a copy over to the jail and showing it to a respondent, held in custody.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Gene A. Zmuda, P.J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.