[Cite as *Cleveland v. Bolden*, 2023-Ohio-1476.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,  :

    Plaintiff-Appellee,  :

                                   Nos. 111671 and 111961

    v.  :

WILLIE C. BOLDEN, III,  :

    Defendant-Appellant.  :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** May 4, 2023

Criminal Appeal from the Cleveland Municipal Court
Case Nos. 2021-CRB-010055 and 2021-CRB-008644

*Appearances:*

Mark D. Griffin, Cleveland Law Director; Aqueelah Jordan, Chief Prosecutor, and Verlinda L. Powell, Assistant City Prosecutor, *for appellee.*

Scott J. Friedman, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant, Willie C. Bolden, III ("Bolden"), appeals his convictions on two counts of violating a protection order. For the following reasons, we reverse, vacate, and remand the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} Bolden was charged with misdemeanor offenses in two cases. In Cleveland M.C. No. 2021-CRB-008644, Bolden was charged with one count of aggravated menacing and one count of violation of a protection order for allegedly violating a protection order on July 31, 2021. In Cleveland M.C. No. 2021-CRB-010055, Bolden was charged with one count of violation of a protection order for allegedly violating the same protection order again on August 24, 2021. All three charges were misdemeanors of the first degree. On April 26, 2022, the two cases were tried together at a bench trial.

{¶ 3} At the bench trial, C.D., the victim in both cases, testified that she dated Bolden for "[a]lmost a year." (Tr. 16.) They broke up in May 2020, and C.D. obtained a domestic violence civil protection order against Bolden, alleging that Bolden attacked her. (Tr. 17.) According to C.D., Bolden violated this protection order twice.

{¶ 4} First, C.D. called the police on July 31, 2021, to report that Bolden violated the protection order. C.D. explained that on that day, she, her brother, and her then-boyfriend had just exited her car and were walking to the door of her house when Bolden drove by and pointed a gun at them. (Tr. 20-21.)

{¶ 5} With respect to the second incident, C.D. testified that on August 24, 2021, while she was mowing her front lawn, Bolden again drove by her house. This time, Bolden "slowed down, and threw a knife at [her]." (Tr. 37.) C.D. called the

police and reported that Bolden had once again violated the protection order. (Tr. 39.)

{¶ 6} The prosecutor presented a copy of the protection order at trial; this document was entered into evidence as "plaintiff's exhibit 1." The document is composed of a total of seven pages. The first page consists of Form 10.01-G, a warning concerning the attached domestic violence civil protection order. Pages two through six consist of Form 10.01-I, the domestic violence civil protection order. The second page identifies C.D. as the sole protected party, and pages three through six list the specific terms of the protection order. On the sixth page, there is a stamp and seal from the Clerk of the Cuyahoga County Common Pleas Court indicating that the document is a certified copy.

{¶ 7} The seventh and last page of the protection order is an unsigned and uncertified "certificate of service," indicating that a copy of the order was "mailed by the Clerk of Court by ordinary U.S. mail" to the parties listed therein, including Bolden at his home address. The certificate of service is stamped with the date of August 7, 2020, the day the protection order was issued. The document contains no indication of when it was mailed to Bolden, or who mailed it.

{¶ 8} After considering all the evidence at trial, including the certified copy of the protection order, and testimony from C.D. and the two police officers who responded to her calls on July 31, 2021, and August 24, 2021, the trial court found Bolden guilty of all charges in the two cases. The court sentenced Bolden to 180 days in jail, with 174 days suspended and credit for six days already served and a $1,000

fine, with $750 suspended. The court also ordered Bolden to remain on a GPS monitor for 30 days. Bolden now appeals his violating protection order convictions in both cases.

{¶ 9} He claims the following errors:

1. The appellant's conviction[s] for violating a protection order w[ere] not supported by sufficient evidence.

2. The appellant's conviction for aggravated menacing was against the manifest weight of the evidence.[1]

3. The defendant was denied the effective assistance of counsel, in derogation of his rights under the Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution.

## II. Law and Analysis

## A. Sufficiency of the Evidence

{¶ 10} In his first assignment of error, Bolden argues his convictions on two counts of violating a protection order are not supported by sufficient evidence. He does not challenge his aggravated-menacing conviction.

{¶ 11} The test for sufficiency requires a determination as to whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a

---

[1] While Bolden's second assignment of error, as written in the table of contents of his brief, purports to challenge his aggravated-menacing conviction on manifest-weight grounds, the substance of his argument in his second assignment of error only challenges his convictions for violating a protection order.

reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. Whether the evidence is legally sufficient to support a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 12} Bolden was convicted of two counts of violating a protection order in violation of R.C. 2919.27, which provides, in relevant part, that "[n]o person shall recklessly violate the terms of * * * [a] protection order issued * * * pursuant to section 2919.26 or 3113.31 of the Revised Code[.]"

{¶ 13} Bolden does not dispute C.D.'s testimony that he violated the terms of the domestic violence civil protection order issued pursuant to R.C. 3113.31. He contends there was no evidence admitted at trial, credible or otherwise, establishing that he was served with the protection order.

{¶ 14} In *State v. Smith*, the Ohio Supreme Court held that "[t]o sustain a conviction for a violation of a protection order pursuant to R.C. 2919.27(A)(2), the state must establish, beyond a reasonable doubt, that it served the defendant with the order before the alleged violation." *State v. Smith*, 136 Ohio St.3d 1, 2013-Ohio-1698, 989 N.E.2d 972, ¶ 28. However, in 2017, the General Assembly amended R.C. 2919.27 and added the following provision:

> (D) In a prosecution for a violation of this section, it is not necessary for the prosecution to prove that the protection order or consent agreement was served on the defendant if the prosecution proves that the defendant was shown the protection order or consent agreement or a copy of either or a judge, magistrate, or law enforcement officer informed the defendant that a protection order or consent agreement

had been issued, and proves that the defendant recklessly violated the terms of the order or agreement.

R.C. 2919.27(D). *See Cleveland v. L.K.P.*, 8th Dist. Cuyahoga No. 106906, 2018-Ohio-5233, ¶ 10. Thus, to establish a violation of R.C. 2919.27(A)(2), the prosecution had to establish (1) that Bolden recklessly violated the terms of a protection order issued pursuant to R.C. 3113.31, and (2) that Bolden either received service of the protection order or constructive notice of the order as provided in R.C. 2919.27(D). *State v. Wilson*, 6th Dist. Lucas No. L-20-1050, 2021-Ohio-1444, ¶ 8.

{¶ 15} This court has repeatedly vacated convictions for violating a protection order based on the city of Cleveland's failure to prove service of the protection order on the defendant. *See L.K.P.*; *Cleveland v. K.C.*, 8th Dist. Cuyahoga No. 106364, 2018-Ohio-3567. As in *L.K.P.* and *K.C.*, the city introduced no evidence showing that Bolden was served with the protection order after it was issued on August 7, 2020. The protection orders at issue in *L.K.P.* and *K.C.* were introduced into evidence; however, the orders stated only that copies "shall be delivered to" the appellants in those cases. *Id.* at ¶ 9, citing *K.C.* at ¶ 17. Though the protection orders instructed the clerk of courts to deliver copies to the appellants, there was no evidence produced that either appellant was actually served with a copy of the order. *Id.*

{¶ 16} The copy of the protection order introduced into evidence in this case differs slightly from those at issue in *L.K.P.* and *K.C.*, stating that copies of the order "were mailed" to Bolden, rather than stating that copies "shall be delivered" to

Bolden. While the certificate of service states that the protection order "[was] mailed" to Bolden, the certificate of service is not signed, does not indicate who mailed the order or when it was mailed, and is not a part of the certified copy of the order. The record does not contain any confirmation that the order was in fact mailed and actually served upon Bolden. Therefore, the language on the certificate of service is insufficient to establish that the order was actually served upon Bolden.

{¶ 17} There is no other evidence in the record that Bolden was shown the protection order, or a judge, magistrate, or law enforcement officer informed Bolden that a protection order had been issued, pursuant to the requirements of R.C. 2919.27(D). As such, the city of Cleveland failed to present sufficient evidence of an essential element of the offense of violating a protection order. Bolden's first assignment of error is sustained and his convictions for violating a protection order, in violation of R.C. 2919.27(D), are vacated.

{¶ 18} Because our resolution of Bolden's first assignment of error is dispositive, we need not address his second and third assignments of error regarding the manifest weight of the evidence and ineffective assistance of counsel.

{¶ 19} Judgment reversed, convictions for violation of a protection order are vacated, and case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
EILEEN T. GALLAGHER, J., DISSENTS (WITH SEPARATE OPINION)


EILEEN T. GALLAGHER, J., DISSENTING:

{¶ 20} I respectfully dissent and would find that Bolden was properly served with the protection order.

{¶ 21} Civ.R. 65.1 governs civil protection orders and provides that initial service within the state must be made in accordance with Civ.R. 4.1(B) and service outside the state must be made in accordance with Civ.R. 4.3(B)(2). It is undisputed that Bolden was served in accordance with the applicable rules and that a civil protection order was granted against him.

{¶ 22} After initial service has been made, Civ.R. 65.1(C)(2) provides that any additional service shall be made in accordance with Civ.R. 5(B). Civ.R. 5(B)(2)(c) provides that "[a] document is served * * * by mailing it to the person's last known address by United States mail, in which event service is complete upon mailing[.]" *See also Cuyahoga Hts. v. Ram Supply Chain, L.L.C.*, 8th Dist. Cuyahoga Nos. 109566 and 109566, 2021-Ohio-315, ¶ 33 (service is complete upon mailing);

*Cashelmara Condo. Unit Owners Assn. v. Kish*, 8th Dist. Cuyahoga No. 111272, 2022-Ohio-3672, ¶ 43 ("A document is served in accordance with the civil rules when it is mailed to the person's last known address."); *McCombs v. Blackert*, 3d Dist. Crawford No. 3-11-03, 2011-Ohio-5079, ¶ 16 ("Civ.R. 5(B) expressly provides that service by mail is deemed completed once the clerk has mailed the document.").

{¶ 23} Courts presume that service is proper in cases where the civil rules are followed unless the defendant rebuts the presumption with sufficient evidence of nonservice. *In re K.J.*, 8th Dist. Cuyahoga No. 111824, 2023-Ohio-615, ¶ 17 ("Where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice."); *Kassouf v. Barylak*, 8th Dist. Cuyahoga No. 111594, 2023-Ohio-314, ¶ 21; *Midland Funding, L.L.C. v. Cherrier*, 8th Dist. Cuyahoga No. 108595, 2020-Ohio-3280, ¶ 12 ("Where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice.").

{¶ 24} "'In order to rebut the presumption of proper service, the other party must produce evidentiary-quality information demonstrating that he or she did not receive service.'" *In re K.J.* at ¶ 17, quoting *Hook v. Collins*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976, ¶ 14; *Cashelmara Condo.* at ¶ 42 ("The rebuttable presumption may be overcome with sufficient evidence that service was not accomplished.").

{¶ 25} The certificate of service attendant to the protection order in this case states that copies of the order "were mailed by the Clerk of Court by ordinary U.S. mail" to the parties, including Bolden's last known address.  The certificate of service also contains a date-stamp, indicating the protection order was mailed to Bolden on August 7, 2020, the day the protection order was issued.  Therefore, pursuant to Civ.R. 65(C)(3) and 5(B)(2)(c), service is presumed valid.

{¶ 26} Bolden does not offer any evidence to rebut the presumption of valid service.  Instead, he argues the certificate of service was not admissible as evidence because the stamp certifying the authenticity of the order appears on the sixth page of the document but the certificate of service appears on the seventh page and is, therefore, not properly authenticated and not admissible as evidence.  He provides no legal authority to support this proposition.  Indeed, there is no statute requiring that a clerk of court certifying the authenticity of a court record must affix the seal to any particular page of a certified copy of a document.

{¶ 27} R.C. 317.27 prescribes the manner in which a county recorder must certify records and provides:

> On demand * * *, the county recorder shall furnish to any person an accurate, certified copy of any record in the recorder's office other than a record of discharge under section 317.24 of the Revised Code, and affix the recorder's official seal thereto.  The recorder shall issue, without charge, upon the request of an authorized party, as defined in section 317.24 of the Revised Code or a person other than an authorized party as defined in that section, one certified copy or one certified photostatic copy of the recorded record of discharge under that section, with the official seal of the county recorder affixed thereto.

Any certified copy of any record, document, or map and any transcription of records, required or permitted to be made by the recorder, may be made by any method provided for the making of records.

{¶ 28} The plain language of R.C. 317.27 requires only that the seal be placed somewhere on the documents, not that it be placed on the last page. Although R.C. 317.27 applies to county recorders, I see no reason to conclude, in the absence of any legal authority to the contrary, that the clerk of court is required to certify documents any differently. If the legislature had intended to impose such a strict requirement on the clerk of courts, it could have done so, but it did not. Therefore, I would find that the seal certifying the authenticity of the protection order properly authenticated the certificate of service even though it appeared on a different page of the document.

{¶ 29} The majority nevertheless finds the certificate of service is insufficient because "it was not signed" and "does not indicate who mailed the order or when it was mailed." However, as previously stated, the certificate of service expressly states that the protection order was "mailed by the Clerk of Court by ordinary U.S. mail." Although the certificate of service was not signed by the clerk of court, there is no statutory requirement that the clerk personally sign certificates of service issued by the court.

{¶ 30} Civ.R. 5(B)(4) provides that all served documents must be accompanied by a certificate of service "signed in accordance with Civ.R. 11." Civ.R. 11 mandates that all pleadings, motions, and other documents filed with the court

must be signed by the parties filing them or by their attorneys. It does not require that documents issued by the court be signed by any particular person. The certificate of service contains an official date-stamp of the clerk of court certifying that it was mailed by the clerk's office on August 7, 2020. Since no signature is required of any specific individual and the certificate of service contains the official time-stamp of the clerk of court's office, I would find the certificate of service is sufficient to create a presumption of valid service. And since Bolden provided no evidence to rebut the presumption, I would find valid service and affirm the trial court's judgment.