[Cite as *N.S. v. M.S.*, 2024-Ohio-6020.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| N.S., | : | |
| Plaintiff-Appellee, | : | No. 113729 |
| v. | : | |
| M.S., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED
**RELEASED AND JOURNALIZED:** December 26, 2024

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-23-977862

*Appearances:*

Friedman & Nemecek LLC, Eric F. Long, and Tyler J. Walchanowicz, *for appellee.*

M.S., *pro se.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant M.S., a Lyft driver, engaged in a scuffle with a passenger, plaintiff-appellee N.S., over a fee dispute. After the incident, N.S. filed a petition for civil stalking protection order. The trial court granted an ex parte order

and scheduled a hearing on the petition. Before the hearing took place, M.S. sent a letter to N.S. N.S. described the letter as a threatening letter but M.S. described it as a cease-and-desist letter. N.S. then filed a complaint with the Lakewood Police Department, alleging M.S. violated the ex part protection order. Subsequently, the court held a hearing and denied N.S.'s petition and, thereafter, sealed the record pursuant to R.C. 2903.214(G)(2), which requires the trial court to seal the records after it refuses to grant a protection order. N.S. did not appeal from the court's order sealing the record but later filed a motion to unseal the record to allow for the prosecution of the violation case in Lakewood. The trial court unsealed the record, characterizing its act of unsealing the record as "ministerial." Having reviewed the record and applicable law, we conclude that the trial court was without authority to unseal the record under the circumstances of this case and, therefore, we reverse the trial court's judgment.

**Background**

{¶ 2} Nine days after the subject incident, on April 11, 2023, N.S. filed a petition for civil stalking protection order pursuant to R.C. 2903.214 against M.S. in the Cuyahoga County Court of Common Pleas. On that day, a magistrate held an ex parte hearing, granted an ex parte civil stalking protection order, and set the case for a full hearing on April 20, 2023, pursuant to R.C. 2903.214(D)(2), which requires the trial court to schedule a full hearing within ten days after issuing an ex parte order.

{¶ 3} The hearing was rescheduled twice. On April 20, 2023, the trial court rescheduled the hearing for May 25, 2023, because service was not perfected on M.S. On April 28, 2023, M.S., pro se, filed a motion to continue. He asked the hearing to be continued until after the grand jury proceedings regarding the criminal case arising out of the subject incident were concluded.[1] On May 12, 2023, the court issued an order denying the motion to continue because "possible grand jury proceedings involving a separate matter from the instant case do not provide a sufficient basis" to continue the case. On May 16, 2023, M.S. filed another motion to continue.[2] The trial court granted the motion and continued the hearing to July 17, 2023.

{¶ 4} On June 6, 2023, N.S. received a letter from M.S. She alleged the letter constituted a violation of the ex part protection order and, on June 8, 2023, filed a criminal complaint against M.S. with the Lakewood Police Department.

{¶ 5} On July 17, 2023, the magistrate held a hearing on N.S.'s petition. Both N.S. and M.S. testified at the hearing. After the hearing, the magistrate issued

---

[1] M.S. stated the following in his motion to continue:

Prosecutor/grand jury is in the process of determining [N.S.'s] criminal liability on April 2, 2023. The statement she has provided to the court is different than what she stated on April 2, 2023 to the police. The grand jury has 60 days to determine the plaintiff's liability and any future statements or testimony may subject the plaintiff to already more criminal liability.

[2] As for the reason for his request for continuance, M.S. stated, "I am still trying to serve Lyft with subpoenas. I need evidence related to the case and I have to try to serve them again but need more time."

a decision denying N.S.'s petition for civil stalking protection order pursuant to R.C. 2903.211(A)(1) because N.S. failed to demonstrate a pattern of conduct engaged in by M.S. On August 16, 2023, the trial court adopted the magistrate's decision. The transcript of the hearing is not part of the record on appeal. The magistrate summarized the parties' testimony and provided his analysis as follows.

{¶ 6} On April 2, 2023, M.S., a Lyft driver, picked up N.S. and a male, who is N.S.'s acquaintance and neighbor, for a ride to her residence. About two miles from her residence, M.S. terminated the ride and asked N.S. and her acquaintance to exit his vehicle. They refused and began haranguing M.S., which was depicted in M.S.'s dashboard camera. The video shows M.S., who appeared to be frazzled, told the two passengers that he was terminating the ride and N.S. began to film M.S. with her phone while calling him derogatory names and shouting expletives at him; M.S. told the passengers he would call the police; N.S.'s acquaintance proceeded to tear down the partition between the front and backseats of the vehicle. According to N.S., M.S. then exited his vehicle while holding a knife.

{¶ 7} Both passengers exited the vehicle. N.S. testified she reentered the vehicle while speaking with the police on her phone. M.S., highly agitated, also re-entered his vehicle. He yelled at N.S. and demanded that she leave his vehicle. N.S., with her legs hanging outside of the back passenger-side door, refused. M.S. then began to drive away, with N.S. still hanging partially outside the vehicle. M.S. stopped his vehicle several hundred feet away and a physical altercation between the

two ensued inside the vehicle. M.S. eventually exited the vehicle and tried to extract N.S. from the vehicle. N.S. resisted his efforts but then realized she was bleeding, having likely been stabbed by M.S.

{¶ 8} The magistrate found that, while M.S. was wrong to resort to violence during the scuffle, N.S. made decisions that increased tension and continued to engage with M.S. after he made it clear he did not wish to continue the conflict. The magistrate found that, while M.S.'s conduct was abhorrent, the parties' encounter was not as one-sided as described by N.S.'s testimony. Consequently, the magistrate concluded that, when viewed in light of the doctrine of unclean hands, the incident would not be considered in the analysis of whether M.S. engaged in a pattern of conduct against N.S.

{¶ 9} N.S. also testified that, later on the day of the incident, M.S. posted a "police scanner" article of the incident on Reddit, an online social media forum. She alleged that M.S. included the statement, "I'll f***ing do it again" in his post and that M.S. reposted the "police scanner" article on April 8, 2923. M.S. acknowledged that he did post the "police scanner" article about the incident and also posted a message describing the incident, which was captioned, "Here's what happens when you pick up a drunk passenger." The magistrate described the parties' testimony as in equipoise, meaning that M.S.'s posts on Reddit may be what N.S. testified to or they may be what M.S. testified to. Consequently, the magistrate concluded that N.S., as the petitioner, failed to carry her burden of demonstrating by a preponderance of

the evidence that M.S.'s posts constituted conduct prohibited by R.C. 2903.211(A)(1).

{¶ 10} In addition, N.S. testified that on June 6, 2023, she received a certified letter from M.S., threatening her with legal action. M.S., on the other hand, described the letter as a cease-and-desist letter, in which he demanded N.S. stop posting derogatory messages about him on Uber's and Lyft's websites. Because N.S. did not produce the June 6, 2023 letter at the hearing, the magistrate found N.S. failed to carry her burden of proving by a preponderance of evidence that M.S. sent her a "threatening" letter.

{¶ 11} The magistrate concluded that N.S. failed to establish a pattern of conduct engaged by M.S. against her. N.S.'s petition was denied, and the ex parte order was terminated. On August 16, 2023, the trial court adopted the magistrate's decision and sent a notice to NCIC (National Crime Information Center) and removed the case from NCIC. N.S. did not appeal from the trial court's decision denying her petition.[3]

{¶ 12} Soon after the trial court denied N.S.'s petition, M.S. filed a motion for sanctions and also a motion to hold N.S. in contempt. His motion for sanctions referenced the grand jury's return of no bill on June 27, 2023, regarding the April 2, 2023 incident. The trial court denied both motions filed by M.S.

---

[3] R.C. 2903.214(G)(1) states, in pertinent part, "An order issued under this section, other than an ex parte order, that grants a protection order, or that refuses to grant a protection order, is a final, appealable order."

{¶ 13} On December 18, 2023, the trial court, on its own motion, sealed the ex parte order against M.S. and all records pertaining to the ex parte order, pursuant to the mandate of R.C. 2903.214(G)(2). The court ordered the judgment to be served on N.S. and the Lakewood Police Department, where N.S.'s complaint for a violation of the protection order against M.S. was pending.

{¶ 14} On February 21, 2024, N.S., through counsel, filed a motion to unseal the record to allow the prosecution of her violation complaint in the Lakewood Municipal Court. Attached to the motion was an affidavit from an assistant prosecutor for the City of Lakewood. The assistant prosecutor believed that unsealing the record was necessary for a prosecution of that case. M.S. filed a motion for an extension of time to prepare an opposition, characterizing N.S.'s motion as part of her "harassment campaign" against him. M.S. also alleged that the State was already in possession of a copy of the protection order and other evidence necessary for the prosecution of the case.

{¶ 15} On March 8, 2024, the trial court denied M.S.'s request for an extension of time and granted N.S.'s motion to unseal the record. The court's journal entry states:

> The sealing, and unsealing, of court records is a ministerial task undertaken by the court. In this case, petitioner offered sufficient good cause for the unsealing of the case records. The record of this case will remain unsealed for a period of thirty (30) days from the date of this order, after which time the record will be sealed pursuant to R.C. 2903.214(G)(2).

{¶ 16} On March 13, 2024, M.S. filed a notice of appeal and, on March 14, 2024, moved for a stay of the trial court's decision, which was granted by this court on March 18, 2024. On appeal, M.S. raises the following assignments of error for our review:

I.      The trial court abused its discretion in ordering the unsealing of an expunged protection order that was sealed and expunged pursuant to R.C. 2903.214(G)(2).

II.     The trial court abused its discretion in granting, essentially, the Petitioner's motion to vacate the previous Court's ruling of sealing the records even after successful service.

III.    The trial court erred in granting the Petitioner's motion by justifying an unsealing as a "ministerial task" undertaken by the Court.

IV.     The trial court committed prejudicial error in not automatically denying the Petitioner's untimely motion on collateral estoppel after the elements were met.

V.      The trial court committed prejudicial error and abused its discretion by not granting the Respondent's motion for an extension to file a reply but rather instead, granted the Petitioner's motion.

For ease of discussion, we address these assignments of error jointly.

**Analysis**

{¶ 17} Before we begin our review of the assignments of error, we note that the Lakewood criminal case is not part of the instant record. Our analysis is based on the limited record before us, and we only address the question before us, that is,

whether the trial court here had the authority to unseal the record, which had been properly sealed pursuant to R.C. 2903.214(G)(2).[4]

{¶ 18} In general, a trial court's decision regarding the sealing of the records is reviewed for an abuse of discretion. *See, e.g.*, *State v. C.K.*, 2013-Ohio-5135, ¶ 10 (8th Dist.); *In re Fuller*, 2011-Ohio-6673, ¶ 7 (10th Dist.). However, as we explain in the following, this case is governed by R.C. 2903.214 and the statute does not grant the trial court with any discretion in unsealing the records under the circumstances of this case.

{¶ 19} The record here reflects that the trial court, on its own motion, sealed the record pertaining to the ex parte order after it refused to grant a protection order in favor of N.S., pursuant to R.C. 2903.214(G)(2). That statute states that if the trial court issued an order that "refuses to grant a protection order, the court, on its own motion, *shall* order that the ex parte order issued under this section and all of the records pertaining to that ex parte order be sealed" after "[n]o party has exercised

___

[4] Apparently, the Lakewood Municipal Court case moved forward after this court stayed the trial court's judgment unsealing the record; M.S. filed a writ of prohibition in this court to prohibit the municipal court judge from allowing any "open discussion, dissemination, or admission of evidence" involving the ex parte order while the case was sealed during the pendency of the instant appeal. *Smith v. Neff*, 2024-Ohio-1881, ¶ 4 (8th Dist.). This court denied the writ, stating that neither this court's order of stay nor the trial court's order to seal the record "specifically address[es] Judge Neff's ability to discuss, disseminate, or accept into evidence any specific information related to the Lakewood Municipal Court case where such information is not derived directly from the sealed record." *Id.* at ¶ 11. This court noted additionally that M.S. can challenge any evidentiary rulings in the Lakewood case through a direct appeal. *Id.* at ¶ 17.

the right to appeal pursuant to Rule 4 of the Rules of Appellate Procedure" or "[a]ll appellate rights have been exhausted." (Emphasis added.) R.C. 2903.214(G)(2).

{¶ 20} The use of the word "shall" in a statute connotes a mandatory obligation. *Wilson v. Lawrence*, 2017-Ohio-1410, ¶ 31. Pursuant to the statute, therefore, the trial court is required to sua sponte seal the record of the ex parte order when the party does not appeal from the trial court's decision not to grant the protection order. Here, N.S. did not appeal from the trial court's order denying her petition for a protection order and the trial court appropriately sealed the record pertaining to the ex parte order on December 18, 2023. The issue presented in this case is whether the trial court has the authority or discretion to unseal the record after the record has been sealed as required by R.C. 2903.214(G)(2).

{¶ 21} Notably, R.C. 2903.214(G)(2) stands in contrast to the expungement statutes (R.C. 2953.33 and 2953.34, formerly 2953.52 and 2953.53). The expungement statutes provide for specific persons and purposes the unsealing of the records may be available to after the records have been sealed. R.C. 2953.34(A) and former 2953.53(D). In contrast, R.C. 2903.214 does not contemplate the unsealing of the records sealed under R.C. 2903.214(G)(2) — there are no provisions for unsealing the records after they have been sealed pursuant to the statute.

{¶ 22} While there is no case law directly addressing the issue presented in this case, the Supreme Court of Ohio's decision in *State v. Vanzandt*, 2015-Ohio-236, provides guidance in our review of the issue. In *Vanzandt*, the

defendant was indicted on drug offenses but subsequently acquitted by a jury. He moved to seal the record of his acquittal pursuant to R.C. 2953.52, and the trial court granted his motion. Soon after his case was sealed, he allegedly retaliated against the confidential informant. The State then asked the trial court to unseal the drug case for the limited purposes of use by the State in its retaliation case against the defendant. The trial court unsealed the record.

{¶ 23} On appeal, the defendant argued that the trial court erred in unsealing his record because the court lacked explicit statutory authority to do so. The First District disagreed. It noted that "[t]here is nothing in the statutory scheme that addresses the question of whether, in a case like ours, a trial court that has sealed records retains the power to unseal the records and to allow their use outside the confines set forth in R.C. 2953.53(D)." *State v. Vanzandt*, 2013-Ohio-2290, ¶ 1 (1st Dist.). While there are no statutory provisions allowing for the unsealing of the record under the circumstances of the case, the First District held that the trial court possessed "inherent authority to unseal records that have been sealed, and may exercise that authority in unusual and exceptional cases." *Id*. at ¶ 1.

{¶ 24} The Supreme Court of Ohio reversed the appellate court's decision. It framed the issue for consideration as "whether a court has discretion to unseal records of criminal proceedings for purposes other than those provided in R.C. 2953.53(D)." *Vanzandt*, 2015-Ohio-236, at ¶ 1. Answering the question negatively, the Court held that "the court does not have discretion to create

additional exceptions to permit access to sealed records[.]" *Id.* In its syllabus, the court stated that "[w]hen a statutory provision imposing a mandatory obligation has specifically enumerated exceptions, a court does not have discretion to create additional exceptions." *Id.* at paragraph one of the syllabus.

{¶ 25} While expungement statutes allow for specific, exceptional situations where the records can be unsealed, R.C. 2903.214 does not provide for *any* circumstances where a sealed record may be unsealed. Applying the holding of *Vanzandt*, we conclude that the trial court here does not have discretion to unseal the records after the records have been sealed as mandated by R.C. 2903.14(G)(2). The court has no authority to judicially create exceptional circumstances for unsealing a properly sealed record when none are provided by the legislature.

{¶ 26} N.S. argues that unsealing the record is necessary because the sealed record would preclude the prosecution of her complaint charging M.S. with a violation of the ex parte order. We note that the Lakewood case was pending when the trial court sealed the records. Yet, N.S. did not appeal the trial court's order sealing the records. N.S.'s motion to unseal the record therefore appears to be a belated attempt to contest the sealing of the records. Even if, for argument's sake, the trial court erroneously sealed the records, "[t]he principle of finality requires that, so long as the order is not void, even an erroneous ruling must be given binding effect among the parties once the time for appeal has passed." *Pauer v. Langaa*, 2004-Ohio-2019, ¶ 8 (8th Dist.), citing *Dzina v. Dzina*, 2002-Ohio-2753 (8th Dist.).

{¶ 27} Finally, we note that, in its journal entry granting N.S.'s motion to unseal the record, the trial court characterized the sealing and unsealing of court records as a "ministerial task" undertaken by court. The Supreme Court of Ohio has defined a "ministerial act" as "an act which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done." (Citations omitted.) *Ohio Boys Town, Inc. v. Brown*, 69 Ohio St.2d 1, 4 (1982). By characterizing the unsealing of the record in this case as a "ministerial act," the trial court acknowledged implicitly that it was not exercising its discretion but only acted pursuant to "the mandate of legal authority." As discussed above, there is no legal authority for the unsealing of the records that have been sealed under R.C. 2903.214(G)(2), and therefore, the court's unsealing of the record based on its characterization of the act as "ministerial" was in error.

{¶ 28} For all the foregoing reasons, the trial court's judgment entry unsealing the record is reversed. The first, second, and third assignments are sustained, and the fourth and fifth assignments of error are overruled as moot.

{¶ 29} Judgment reversed.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)