[Cite as *Lakewood v. Smith*, 2025-Ohio-2447.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF LAKEWOOD, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114186 |
| v. | : | |
| MICHAEL T. SMITH, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 10, 2025

Criminal Appeal from the Lakewood Municipal Court
Case No. 2023-CRB-00524

### *Appearances:*

Myriam A. Miranda, Lakewood Prosecuting Attorney, and Andrew N. Fleck, Assistant Prosecuting Attorney, *for appellee.*

Milton A. Kramer Law Clinic, Case Western Reserve University School of Law, and Andrew S. Pollis, Supervising Attorney, Robert F. Read II, and Brianna L. Schmidt, Certified Legal Interns, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Michael T. Smith ("Smith") appeals his conviction for violating an ex parte protection order, arguing that the trial court erred when it

admitted into evidence portions of a transcript from a hearing of a sealed petition for a civil stalking protection order ("CSPO") and when it denied his motion for judgment of acquittal under Crim.R. 29. We find the evidence from the sealed record was improperly admitted. However, we also find the improper admission was harmless error because the record contained properly admitted evidence establishing Smith's guilt beyond a reasonable doubt. Further, we find no error in the denial of the motion for judgment of acquittal under Crim.R. 29. Accordingly, we affirm Smith's conviction.

## I. Facts and Procedural History

{¶ 2} There are a total of five appeals before this court, all stemming from an incident that occurred between Smith and N.S. in Lakewood, Ohio, on April 2, 2023. This appeal and two of the prior appeals are related to an ex parte protection order (a.k.a. temporary protection order) granted by the Cuyahoga County Common Pleas Court. Those cases are *Smith v. Neff*, 2024-Ohio-1881 (8th Dist.), and *N.S. v. M.S.*, 2024-Ohio-6020 (8th Dist.).[1] A more detailed recitation of the facts outlining the events that led to the ex parte protection order can be found in *N.S.* at ¶ 6-10.

{¶ 3} The present appeal concerns Smith's conviction in Lakewood Municipal Court for a violation of the ex parte protection order discussed in *Smith v. Neff* and *N.S. v M.S.* N.S., the victim in this case, filed a petition in the Cuyahoga County Common Pleas Court for a CSPO against Smith on April 11, 2023. The

---

[1] *Smith v. Rezutek*, 2024-Ohio-5599 (8th Dist.), was an appeal of a civil case involving Smith and N.S. *State v. M.S.*, 8th Dist. Cuyahoga No. 114988, is currently pending with this court.

common pleas court issued an ex parte protection order the same day against Smith pending a full hearing on the petition for the CSPO. The ex parte protection order prohibited Smith from contacting N.S. Lakewood Police Detective Heather Herpka testified at the trial on Smith's violation of the ex parte protection order that, through the course of her investigation, she learned that Smith was served with the ex parte protection order by certified mail on May 1, 2023. (May 22, 2024 tr. 144-145 and 161.)

{¶ 4} Prior to the full hearing on the petition for a CSPO, Smith sent a letter to N.S., which she received via certified mail on June 8, 2023, at her home in Lakewood, Ohio. N.S. reported the letter to the Lakewood Police Department. Because sending the letter was a violation of the ex parte protection order, Smith was charged in Lakewood Municipal Court on June 16, 2023, with a violation of a protection order under R.C. 2919.27, a misdemeanor of the first degree.

{¶ 5} On July 17, 2023, a month after being charged by the City of Lakewood ("the City") for violating the ex parte protection order, a full hearing on the petition for the CSPO was held before a magistrate in the Cuyahoga County Common Pleas Court. N.S.'s petition for a CSPO was denied. On August 16, 2023, the common pleas court adopted the magistrate's decision. At the same time, the ex parte protection order was terminated. Pursuant to R.C. 2903.214(G)(2), the trial court sealed the ex parte order against Smith, and all records pertaining to the ex parte order on December 18, 2023.

**{¶ 6}** Prior to the trial on the violation of the ex parte protection order in Lakewood Municipal Court, N.S. filed a motion to unseal the records from the petition for a CSPO. The common pleas court granted her motion on March 8, 2024. Smith appealed the order to unseal the records, and this court granted an emergency order staying the trial court's order unsealing the records. This court ultimately ruled that the records should never have been unsealed and vacated the trial court's order unsealing the records in *N.S.,* 2024-Ohio-6020 (8th Dist.). The City, however, had obtained copies of the records during the 12 days they were unsealed. This included the transcript from the July 17, 2023 full hearing on the CSPO.

**{¶ 7}** Smith's violation of the ex parte protection order was tried before a jury, twice, in Lakewood Municipal Court. The first trial was held on April 10 and 11, 2024, and resulted in a hung jury and a mistrial. The second jury trial was held on May 22, 2024. This appeal stems from the second trial.

**{¶ 8}** During the trial, the trial court allowed the City to introduce into evidence redacted portions of the transcript from the CSPO's full hearing held on July 17, 2023 (exhibit No. 3). Exhibit No. 3 contained Smith's testimony at the full hearing where he testified that he was aware of the ex parte protection order when he mailed the letter to N.S. Smith objected to the introduction of exhibit No. 3, both in a motion in limine and at trial, arguing that it was inadmissible because it was part of the sealed record.

**{¶ 9}** At the close of the City's case, Smith moved for a judgment of acquittal under Crim.R. 29, which was denied. The jury found Smith guilty of violating the ex

parte protection order. On July 2, 2024, Smith was sentenced to 180 days in jail with 120 days suspended, a $1,000 fine with $600 suspended, court costs, and community-control supervision for five years. He was also ordered to complete a full mental-health assessment, participate in anger-management counseling, and was ordered not to contact N.S. for five years.

{¶ 10} Smith raises the following assignments of error for our review:

1. The trial court erred in denying M.S.'s motion for judgment of acquittal under Crim.R. 29.

2. Alternatively, the trial court erred in admitting into evidence a transcript from a civil action that was under seal.

## II. Law and Analysis

{¶ 11} For ease of analysis, we will address Smith's second assignment of error first.

### A. Transcript Under Seal

{¶ 12} In his second assignment of error, Smith argues that the trial court erred when it allowed exhibit No. 3 to be entered into evidence because it was obtained from a sealed record.

{¶ 13} This court previously found that "the trial court here does not have discretion to unseal the records after the records have been sealed as mandated by R.C. 2903.214(G)(2)." *N.S.*, 2024-Ohio-6020, at ¶ 25 (8th Dist.). This court also reversed the trial court's judgment entry unsealing the record, thus, it is as if the record was never unsealed. *N.S.* at ¶ 28. "Properly sealed court records are not public records subject to the Public Records Act." *State ex rel. Highlander v.*

*Rudduck*, 2004-Ohio-4952, ¶ 11; *see also* R.C. 149.43(A)(1)(v). The City has put forth no authority allowing the use of erroneously acquired sealed records as evidence in the prosecution of a criminal case. Therefore, the trial court improperly allowed admission of exhibit No. 3 at trial.[2]

{¶ 14} Because exhibit No. 3 was improperly admitted, we must determine whether its admission constitutes harmless error. Under Crim.R. 52(A), "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." The Supreme Court of Ohio has set forth the following test to determine whether the improper admission of evidence is harmless error that does not require reversal:

> "First, it must be determined whether the defendant was prejudiced by the error, i.e., whether the error had an impact on the verdict. [*State v. Morris,* 2014-Ohio-5052, ¶ 25, 27]. Second, it must be determined whether the error was not harmless beyond a reasonable doubt. *Id.* at ¶ 28. Lastly, once the prejudicial evidence is excised, the remaining evidence is weighed to determine whether it establishes the defendant's guilt beyond a reasonable doubt. *Id.* at ¶ 29, 33."

*State v. Jones*, 2023-Ohio-380, ¶ 140 (8th Dist.), quoting *State v. Harris*, 2015-Ohio-166, ¶ 37; *see also State v. Boaston*, 2020-Ohio-1061, ¶ 63.

{¶ 15} The first question is whether Smith was prejudiced by the admission of evidence from the sealed record. We find that he was. Whether Smith was served with, or knew about, the ex parte protection order is an essential element of a

---

[2] In the present action, the records were obtained *after* the CSPO file had been sealed pursuant to R.C. 2903.214(G)(2) and were then improperly unsealed by the trial court. We limit our decision to these facts and express no opinion with respect to a scenario in which CSPO records are obtained *prior* to being sealed.

violation-of-a-protection-order charge. To establish a violation of R.C. 2919.27(A)(2), the City was required to establish (1) that Smith recklessly violated the terms of a protection order, and (2) that Smith either was served with the protection order or had constructive notice of the order as provided in R.C. 2919.27(D). *State v. Kronenberg*, 2024-Ohio-4673, ¶ 21 (8th Dist.); *Cleveland v. Bolden*, 2023-Ohio-1476, ¶ 14 (8th Dist.), citing *State v. Wilson*, 2021-Ohio-1444, ¶ 8 (6th Dist.). The City introduced exhibit No. 3 at trial to establish Smith's knowledge of the ex parte protection order, and Smith was prejudiced by the admission.

{¶ 16} Next, we ask if the error was harmless beyond a reasonable doubt. "Error in the admission of evidence is harmless beyond a reasonable doubt when "'there is [no] reasonable possibility that the improperly admitted evidence contributed to the conviction.'"'" *Jones* at ¶ 141, quoting *State v. McKelton*, 2016-Ohio-5735, ¶ 192, quoting *Schneble v. Florida*, 405 U.S. 427, 432 (1972). As we discussed above, exhibit No. 3 was introduced by the City to establish an essential element of the crime. Therefore, the improperly admitted evidence contributed to Smith's conviction.

{¶ 17} In the last step of the analysis, we ask, once the prejudicial evidence is excised, whether the remaining evidence establishes Smith's guilt beyond a reasonable doubt. Detective Herpka gave the following testimony regarding service of the ex parte protection order on Smith:

Q: And the date, if you remember, that the service was completed on Mr. Smith?

A: Based on that phone call, I learned that he was served with a certified letter on May 1st, 2023.

Q: Okay. And was that before or after the date of the letter that Ms. S[.] provided to you?

A: Before

Q: About how long before:

A: May 1st to June 8th, so approximately a month.

(May 22, 2024 tr. 145.)

Q: In the course of your investigation into the protection order, did you learn that it was perfected [o]n Mr. Smith?

A: Yes

(*Id.* at 161.)

{¶ 18} We find that Detective Herpka's testimony establishes Smith's guilt beyond a reasonable doubt by proving the same fact for which the erroneously admitted exhibit had been offered, namely, Smith's knowledge of the ex parte protection order. A jury could conclude, based solely on Detective Herpka's testimony, that Smith was served the ex parte protection order before he sent the letter to N.S.

{¶ 19} Accordingly, the second assignment of error is overruled.

**B. Crim.R. 29 Motion**

{¶ 20} In his first assignment of error, Smith argues that the trial court erred when it denied his Crim.R. 29 motion for judgment of acquittal. He argues that the

trial court erred by denying his Crim.R. 29 motion for acquittal because the City did not prove he was notified of the ex parte protection order against him, and because the denial of the petition for a CSPO rendered the ex parte order functionally nonexistent.

{¶ 21} Crim.R. 29(A) provides that a court "shall order the entry of the judgment of acquittal of one or more offenses . . . if the evidence is insufficient to sustain a conviction of such offense or offenses." A Crim.R. 29 motion questions the sufficiency of the evidence, and we apply the same standard of review to a trial court's ruling on a Crim.R. 29 motion as we do in reviewing challenges to the sufficiency of the evidence presented at trial. *Fairview Park v. Peah*, 2021-Ohio-2685, ¶ 37 (8th Dist.).

{¶ 22} We have recently reaffirmed that "[a]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Spencer*, 2024-Ohio-5809, ¶ 15 (8th Dist.), citing *State v. Murphy*, 91 Ohio St.3d 516 (2001). The appellate court views the evidence "'in a light most favorable to the prosecution'" to determine whether "'any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *Spencer* at ¶ 15, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. The inquiry is whether the prosecution has met its "burden of production" at trial. *State v. Dyer*, 2007-Ohio-1704, ¶ 24 (8th Dist.),

citing *State v. Thompkins*, 78 Ohio St.3d 380, 390 (1997). "'In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law.'" *Cleveland v. Williams*, 2024-Ohio-3102, ¶ 10 (8th Dist.), quoting *Thompkins* at 386; *see also Cleveland v. Neal*, 2024-Ohio-1467, ¶ 26 (8th Dist.). Appellate courts are not to assess "whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *Dyer* at ¶ 24.

{¶ 23} As we discussed under the second assignment of error, Detective Herpka testified that she learned during the course of her investigation that Smith was served the ex parte protection order on May 1, 2023. Therefore, there was sufficient evidence to support Smith's conviction for a violation of the ex parte protection order.

{¶ 24} Smith's argument that the trial court's order terminating the ex parte protection order and sealing the record under R.C. 2903.214(G)(2) rendered the ex parte order "functionally nonexistent ab initio" is not appropriate under Crim.R. 29. A Crim.R. 29 motion for acquittal questions the sufficiency of the evidence, but Smith is arguing it is as if the ex parte protection order never existed. Smith does not provide any authority supporting his assertion that the denial of the petition for the CSPO rendered the ex parte protection order retroactively invalid. His references to R.C. 2953.33(B)(4) are not persuasive because that statute does not apply to CSPOs. While we agree the ex parte order was dissolved going forward from December 18, 2023, it existed at the time of Smith's violation on June 8, 2023.

{¶ 25} Finding no error, Smith's first assignment of error is overruled.

{¶ 26} We find the admission of the evidence from a sealed record was harmless error. Further, we find no error in the denial of the motion for judgment of acquittal under Crim.R. 29. Accordingly, we affirm Smith's conviction.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

MICHELLE J. SHEEHAN, J., CONCURS (WITH SEPARATE CONCURRING OPINION);
EILEEN A. GALLAGHER, A.J., DISSENTS (WITH SEPARATE OPINION)


MICHELLE J. SHEEHAN, J., CONCURRING:

{¶ 27} I fully concur in the judgment of the court. I write separately to note that the legislature may want to consider how records sealed pursuant to R.C. 2903.214(G)(2) may be utilized.

{¶ 28} The legislature has, in some circumstances, allowed for the use of sealed and expunged records for certain purposes. R.C. 2953.31 through 2953.36 governs the expungement and sealing of criminal records in Ohio. R.C. 2953.34 provides a list of purposes for which sealed and expunged records may be used.

{¶ 29} In providing for the use of sealed and expunged records in certain circumstances, the legislature has recognized, as a matter of public policy, that certain sealed or expunged records may be utilized in certain limited circumstances. This case highlights a narrow circumstance where an individual violated a court order, but the order was sealed pursuant to R.C. 2903.214(G)(2) before the individual was prosecuted for the alleged violation. Thus, I would encourage the legislature to consider whether an explicit exception should exist for orders sealed pursuant to R.C. 2903.214(G)(2) in these circumstances. *See N.S.*, 2024-Ohio-6020 (8th Dist.).

EILEEN A. GALLAGHER, A.J., DISSENTING:

{¶ 30} On the extremely limited record of the Cuyahoga County Court of Common Pleas, which is the tribunal which issued the ex parte civil stalking protection order that underlies this criminal matter, it is my opinion that a CSPO, even ex parte, should never have been granted.

{¶ 31} The law requires at R.C. 2903.214 that a *pattern* of conduct must be demonstrated. That is not the case here.

{¶ 32} There is no question from the redacted transcript of the full hearing on the CSPO that appellant was on notice of the ex parte order which was granted. Further, there is no question, then, that he did communicate with N.S. via U.S. mail in violation of that improvidently granted ex parte order.

{¶ 33} Detective Herpka's testimony was sufficient to establish that appellant was served with the ex parte order of protection. It was unnecessary and, in my opinion, error for the trial court to permit admission of any evidence adduced from the CSPO hearing or anything related to the sealed record.

{¶ 34} I find it was not harmless error to admit the evidence at issue and would reverse the conviction and remand for a new trial.